GILL *against* LYON AND OTHERS.

LYON AND OTHERS *against* GILL & WILLSON.

A purchaser of a *part* of lands mortgaged, from the mortgagor, is not bound to *contribute* ratably, with a purchaser of the equity of redemption, under a judgment subsequently obtained, towards the discharge of the mortgage ; unless the residue of the mortgaged premises prove insufficient to extinguish the debt.

THE following are the material facts in this case :

On the 9th of *July*, 1806, *Benjamin Willson* (defendant) sold and conveyed to *John Wells*, (defendant,) 163 acres of land, in *Oxford*, in the county of *Chenango*, and, at the same time, took a mortgage from *Wells*, to secure the payment of the purchase money, and which was duly registered on the day of its date. On the 21st of *May*, 1807, *William W. Rodman* and others, obtained a judgment in the supreme court against *Wells* and one *Amos Rood*. *Robert Cheeseborough* and *William Cairns* also obtained judgment in the same court against *Wells* and *Rood*, both judgments being docketed on the same day, and executions issued at the same time. *R. Cheeseborough* also obtained a judgment, in the same court, at the same time, against the same defendants, and issued his execution thereon. On the 7th of *November*, 1807, the plaintiff, and *J. Gill*, *M. Gill*, and *R. Gill*, entered up judgment, in the same court, by confession, on a bond and warrant of attorney, against *Wells*, on which an execution issued. The land was sold by the sheriff, under the above judgments, for 1,825 dollars, and conveyed to the plaintiff, as the highest bidder, the 18th of *February*, 1809.

*Wells*, after the purchase of *Willson*, and the mortgage, and before any of the above judgments were obtained, sold

1815.

GILL
v.
LYON.

parts of the mortgaged premises to *David Lyon* and others, (defendants.) The bill of the plaintiff further stated, that *Willson* was proceeding to foreclose his mortgage, by advertising all the lands covered by it, under the power contained in the mortgage, pursuant to the statute; and that *Lyon*, and the other purchasers from the mortgagor, had refused to contribute with the plaintiff, who had purchased under the judgments, towards paying off what might be due on the mortgage. *Lyon*, and the others, in their answers, alleged, that they paid *Wells* the full value of the lands so purchased by them, and the deeds contained covenants that the same were free of all encumbrances, &c.; that the plaintiff knew of the purchases by them, and of the registry of the deeds, before he made the purchase at the sheriff's sale; and that *Wells* was insolvent, &c.

It is unnecessary to state more of the pleadings and proofs in the cause. The question was, whether the purchasers under *Wells*, the mortgagor, prior to the judgments, were bound to contribute ratably, with the purchaser under the judgments, to the discharge of the mortgage, and to pay costs, &c.

*Henry* and *Emmet*, for the plaintiff, *Gill*, the purchaser under the judgments, cited 5 *Viner's Abr.* tit. *Contribution, passim.*

*Baldwin*, contra, for *Lyons* and the other purchasers under *Wells*, cited 2 *Atk.* 446. 4 *Johns. Rep.* 216.

THE CHANCELLOR. The mortgage ought, justly, to be borne by the lands purchased by *Gill*, if sufficient to satisfy it; and *Lyons* and the other purchasers from the mortgagor, prior to the judgments, are not bound in equity to bear a ratable proportion of the mortgage debt, unless the residue of the mortgaged premises shall not be sufficient to extinguish it. The doctrine of contribution does not apply as between

*Lyons* and the other purchasers from *Wells*, on the one part, and *Gill* on the other, because their equity is not equal. *Lyons*, and the others, purchased for the full value, and under a covenant from *Wells*, that they should hold their lands free of encumbrances ; and *Gill* afterwards purchased only the equity of redemption remaining in *Wells*, and he made it with knowledge of the conveyances to *Lyons* and others, and he has, therefore, no just claim to contribution. He purchased the remaining right of *Wells*, and no more ; and *Wells*, if he had extinguished the mortgage, would have had no claim for contribution against his own vendee. The case is too plain to need much illustration, and I shall, accordingly, decree, that the portion of the mortgaged premises purchased by *Lyons*, and others, prior to the purchase of the residue by *Gill*, be not sold until the residue shall be found insufficient for the payment of the mortgage debt; and that their lands shall only be chargeable with the balance due to *Willson*, after the residue of the mortgaged premises shall have been exhausted. And, in order that *Willson* may deal justly with his mortgage, as between the several purchasers, I shall further decree, that he be restrained from selling the portions of the mortgaged premises purchased by *Lyons*, and others, prior to the purchase by *Gill*, until he shall have disposed of the residue of the mortgaged premises, and until those purchasers shall have refused to redeem their portions of the premises, after thirty days' notice, to their solicitor, of the insufficiency of the residue of the mortgaged premises to satisfy the mortgage and costs thereon ; and that *Gill* pay to the plaintiffs, in the suit in which he is a defendant, their costs, to be taxed.

Decree accordingly. (*a*)

(*a*) *Vide ante*, p. 425.