AVERY and WOODCOCK *against* D. and B. PETTEN.

Where a judgment is a *lien* on different parcels of land, one of the several owners is not entitled, on a bill against the judgment creditors only, to a decree for contribution ; but all the persons interested in the lands, bound by the judgment, must be made parties for that purpose ; nor is the plaintiff, in such a bill, entitled to have the judgment, upon payment of it, assigned to him by way of substitution, to enable him to enforce contribution from the other persons, alleged to be liable to such contribution, but who were not parties to the suit.

THE bill stated, that on the 26th of *May*, 1813, the defendants conveyed, in fee, 170 acres of land (or the north part of lot No. 94.) in the township of *Ulysses*, being all their interest therein, to *Phineas Bennett*. That the plaintiff, *W.*, is now seised of the undivided third part, and the plaintiff, *A.*, of the undivided sixth part of the land. *Daniel Shepherd*, on the 22d of *September*, 1819, died seised of one third of it, leaving seven infant children, his heirs at law ; and *John Laning*, on the 15th of *February*, 1819, died seised of the remaining one sixth part, leaving several infant children. That these persons are tenants in common, under titles derived from the defendants, *B. P.* and *P. Bennett*. That in 1819, a *fi. fa.* was issued against *B. P.*, on a judgment docketted *December* 8th, 1807, in favour of *David Lamberson*, for 1287 dollars and 68 cents. That the plaintiffs obtained a stay of the execution, and in *January*, 1820, moved to set it aside for irregularity ; but the motion was denied. That *Lamberson* is dead, and the judgment was paid to him in his lifetime, and was assigned by him to the defendant, *D. P.*, a brother of the defendant, *B. P.* That *B. P.*, since the 8th of *December*, 1807, has been seised of land in the town of *Scott*, in *Cortlandt* county, being 450 acres ; and he owned 190 acres of it in fee, until about a year ago. That on the 18th of *July*,

1818, a judgment, by confession, in the Court of Common Pleas of *Cortlandt* county, was entered up, in favour of *D. P.* against *B. P.*, to secure a debt of 1535 dollars and 71 cents. The plaintiffs alleged, that this judgment was kept open and unsatisfied of record, by fraud and collusion between the defendants. That *B. P.* is insolvent. That the plaintiff, *W.*, offered to pay the judgment, if *D. P.* would assign it for the benefit of the owners of the land in *Ulysses*, to which he gave no answer. *Prayer*, that the judgment be decreed to be cancelled and satisfied ; and if not, that the premises owned by the plaintiff be discharged of it, by their paying their rateable proportion ; or that the judgment may be assigned to them, so that they may compel the owners of other lands, bound by the judgment, to pay a just proportion of it ; and that the defendant, *B. P.*, be enjoined from selling the land in *Ulysses* under the execution, as he had advertised to do, and for general relief.

The defendant, *B. P.*, in his answer, denied that any part of *Lamberson's* judgment was paid, and averred, that the same was in full force ; that the judgment had been assigned *bona fide*, and for a full consideration, to his brother, *D. P.* He admitted the judgment, by confession, in favour of *D. P.*, which he alleged to be for a balance of account, for moneys lent and goods sold. That he owned 430 acres in 1807, in *Scott*, parcels of which he had conveyed to different persons, which were particularly stated. That he owned the residue, being 186 acres, until 1816, when it was sold on execution.

*D. P.*, in his answer, alleged, that he purchased the judgment of *L.* for 1075 dollars, which he paid out of his own moneys ; and that the judgment confessed to him by *B. P.*, was for a debt justly due ; and denied all collusion and fraud, &c.

The cause was brought to a hearing on the bill and answers.

*J. A. Collier*, for the plaintiffs, contended, that the lands,

in *Scott* ought to contribute towards satisfying the judg-
ment; and that the plaintiffs were bound to pay only their
rateable proportion, according to their interest in the 170
acres in *Ulysses.* That if they were to pay the whole of
the judgment, they were entitled to an assignment of it, in
order to enable them to compel a contribution from others,
whose lands were equally bound by it. He cited *Cheesbo-
rough* v. *Millard* and others. (1 *Johns. Ch. Rep.* 409.)

*Anthon,* contra, insisted, that the whole fund, or the
lands in both lots, were requisite, to satisfy the two judg-
ments; and that it was not a case for contribution.

THE CHANCELLOR. The cause having been brought to
a hearing upon bill and answers, the answers are to be
taken as true in all points. The defendant, *D. P.,* is to
be considered a *bona fide* owner of *Lamberson's* judgment,
to the full value of it, and entitled to collect it. There can
be no question between the parties to this suit. All that
the plaintiffs seem to claim, is a right of contribution against
the owners of other parts of the land in *Ulysses,* and of other
lands in *Scott,* in case they have to redeem their lands
by paying the judgment; and they ask for an assignment
of the judgment, to enable them to levy on the lands of
others, the proportion that others ought to pay. But the
right of contribution, cannot be discussed and settled in this
suit, as between the plaintiffs and other persons said to be
interested in the lands bound by *Lamberson's* judgment, for
they are not before the Court. They are not-parties
to the suit. I cannot even interfere with safety, so far as
to direct the judgment to be assigned to the plaintiffs, by way
of substitution, upon payment of it; for no certain right, or
extent, or amount of contribution, as against any third per-
son, can be ascertained in the present case, and, conse-
quently, no check could be provided against a partial and
oppressive use of the judgment in the hands of the plaintiffs.
Such a direction would only be creating another chancery

1823.

SALTUS
v.
TOBIAS.

suit in favour of some of the claimants, upon whom the plantiffs might elect to levy the whole or an undue proportion of the judgment.    There might be a succession of suits and assignments, upon the ground on which the assignment is asked for in this case.    I must, therefore, refrain from interfering at present, and leave the plaintiffs to their future bill for contribution, whenever they can show themselves entitled to it.   In *Lawson* v. *Wright*, (1 *Cox*, 275.) after one surety had been sued at law and paid the money, a bill, by his representatives, against a co-surety for contribution, was sustained ; and such a remedy may possibly be open hereafter in favour of the plaintiffs, but the present suit is not adapted to such a case.    The injunction heretofore issued is, consequently, dissolved, and the bill dismissed ; and as the defendant, *Daniel P.*, has done nothing more than prosecute his lawful rights, and is free from all censure, and without any ground for complaint against him, the bill as to him is dismissed with costs.

Decree accordingly.