## MASSIE v. WILSON et al.

1. SATISFACTION OF JUDGMENT: SUBSEQUENT PURCHASER AND MORTGAGEE.
Equity will, upon proper and due application made by a subsequent pur-
chaser or mortgagee of real estate, direct that a judgment which is a lien
thereon shall be satisfied from the lands of the debtor remaining unsold,
if they are sufficient for that purpose; that, if they are not sufficient, they
shall, nevertheless, be first sold, and the proceeds applied on such judg-
ment; and that the residue then remaining shall be made from the lands
sold by the debtor subsequent to the judgment.

2. SAME: RATABLE CONTRIBUTION. The estates of subsequent grantees who
have purchased different parcels of incumbered property at different times
are liable to contribute ratably, and not in the inverse order of alienation,
to the payment of a prior judgment, which is a lien thereon.

3. SAME: INJUNCTION. A subsequent grantee, who is liable to contribution,
to pay off a prior judgment, is not entitled to an injunction, to restrain
the sale of his parcel under execution until the amount to be paid by him
and the owners of the other parcels, subject to contribution, has been
ascertained and settled.

*Appeal from Dubuque District Court.*

THURSDAY, JUNE 16.

ON the 15th day of December, 1855, the above named
defendant, Robert Wilson, obtained a judgment against
one M. Mobley.    Afterwards, viz., on the 15th day of

May, 1858,. Mobley executed to the plaintiff, Massie, a mortgage on certain real estate in the city and county of Dubuque, on which the judgment of Wilson.was a lien. In 1860, Wilson issued execution on the unsatisfied portion of his judgment, and caused the same to be levied on the property embraced in the plaintiff's mortgage, together with a large amount of other property, and had the same advertised for sale under the execution.

Thereupon the plaintiff filed his petition for an injunction, making as sole parties defendant Wilson and the sheriff.

He based his claim for relief upon two grounds. 1st. He charged that the larger portion of the Wilson judgment was paid, and asked an account of the amount due thereon. 2d. He charged "that at the time of the making and recording of the aforesaid mortgage from Mobley to him, the said Mobley was the owner in fee, and had a large amount of other real estate in the county and city of Dubuque, consisting of several parcels of land and lots which he continued to own for a long time afterwards."

He further claims that the property embraced in his mortgage can only be made liable to satisfy said judgment, if anything be due thereon, "after first exhausting the real estate subsequently held and owned by Mobley." Prayer, for an injunction restraining the sale on execution, and for general relief.

The answer of Wilson admits the judgment, and denies that Mobley, at the date of the mortgage, was the owner of and retained a large amount of real estate, and denies that he is bound first to exhaust the real estate owned by Mobley, at and after the time the said mortgage was executed.

From the report of the referee, it appears that after the date of the judgment, and before the date of the mortgage to the plaintiff, Mobley conveyed to other persons, not par-

ties to this suit, many tracts of real estate; and that after the date of the mortgage he conveyed other tracts to persons not parties to the action.

The referee further reports that three other tracts, "as appears by the records," still remained in the said Mobley. These were admitted on the trial to be of value sufficient to pay the judgment of Wilson. But it was not admitted that Mobley owned them. After the report of the referee there was no dispute as to the amount due on the judgment.

The Court, on the hearing, dissolved the temporary injunction which had been granted, and found and adjudged that "Wilson has the right to levy upon and sell any portion of the premises on which said judgment is a lien."

From that decree the plaintiff appeals.

*Thomas M. Monroe* for the appellant, cited *Nailor* v. *Stanley*, 10 Serg. & R., 450; *Cheeseborough* v. *Millard*, 1 Johns. Ch., 409; *Gill* v. *Lyon*, Id., 447; *Stevens* v. *Cooper*, 1 Id., 425; *Governeur* v. *Lynch*, 2 Paige, 300; *Guion* v. *Knapp*, 6 Id., 35; *Parkman* v. *Welch*, 19 Pick., 231, 239; *Dickey* v *Thompson*, 8 B. Monr., 312; *McWilliams* v. *Myers*, 10 Iowa, 325; *Beverly* v. *Brook*, 2 Leigh, 425; *McClung* v. *Burns*, 10 Id., 394; *Rogers* v. *McLuer*, 4 Gratt., 81; and contended that *Bates* v. *Ruddick*, 2 Iowa, 429 applies to mortgage incumbrances, but not to judgment liens.

*Bissell & Shiras* for the appellee, relied upon *Bates* v. *Ruddick*, 2 Iowa, 429; and cited *Reigle* v. *Leiter* 8 Md., 405; *Behn & Foster* v. *Young & Co.*, 21 Geo., 207; *Daub* v. *Barnes*, 4 Gil., 1; *Sems et al.* v. *Moses*, 21 Geo., 441.

DILLON, J.—It is well settled, and that too upon the plainest principles of equity and reason, that a judgment creditor cannot enforce his judgment against the land of a subsequent purchaser from his debtor, so long as there is

other land of the debtor remaining unsold, sufficient to satisfy the judgment.

If, at the time execution issues, there is real estate subject to the judgment, which is still owned by the debtor or his heirs, this is, in equity, first chargeable with the burden of the payment of the judgment.

If the judgment creditor attempts to enforce his judgment by levying it upon the land which the debtor has subsequently sold or mortgaged, equity will, upon proper and due application by such subsequent vendee or mortgagee, direct the judgment to be made from lands of the debtor, remaining unsold, if they are sufficient for that purpose. If not sufficient they are nevertheless first to be sold and applied in payment of the judgment, as far as they go, and the residue of the judgment is to be made from the lands which have been sold by the debtor, subsequent to the judgment.

As authority for these principles see *Clowes* v. *Dickenson*, 5 Johns. Ch., 235, and cases cited; *S. C.*, 9 Cow., 403; *McWilliams* v. *Myers*, 10 Iowa, 325; *James* v. *Hubbard*, 1 Paige, 226; 6 Id., 39, 521, *Gill* v. *Lyon*, 1 Johns. Ch., 447.

Applying these principles, Wilson, as a judgment creditor of Mobley, would not have a right to levy upon and sell lands which Mobley had subsequently conveyed to others, without first resorting to those which he still owned. If the plaintiff's petition had contained averments supported by the proof to the effect that at the time the execution issued and was levied, Mobley was still the owner of real estate, subject to the writ on which the judgment was a lien, and that instead of levying on this, Wilson was proceeding to levy upon and sell the property embraced in the mortgage, he would have made a case in which a court of equity would so far interfere as to direct the judgment

creditor first to proceed against the property which the common debtor yet owned.

But his petition made no such case. It contained no such averments, either in form or in effect.

Instead of being framed upon the theory that Mobley *still owned* lands, it was framed rather upon the idea that he had owned lands after the date of the mortgage, which had been conveyed to others, and that these lands were, in equity, first chargeable with the burden of paying off the Wilson judgment.

The finding of the referee, even if it is to be regarded as showing that Mobley still remained the owner of the land, was a finding of a fact not in issue. The referee found simply that the *records* did not show that Mobley had conveyed certain parcels. If the fact of Mobley's continued ownership of these parcels had been put in issue, testimony outside of the records might have shown that he had, in fact, conveyed them, that the purchasers were in possession, but had failed to place upon the record their evidences of title.

Under these circumstances this Court is of opinion that the District Court did not err in not directing the parcels which apparently remained in Mobley to be first sold.

The plaintiff must abide by the case made by the pleadings. Relief not claimed in the pleadings, or warranted by the issues, cannot be decreed. *Singleton* v. *Scott*, 11 Iowa, 599; *Cooper* v. *Frederick*, 4 G. Greene, 403.

II. The next question is, in what order shall the property aliened by Mobley after the judgment be made liable? Shall it contribute ratably, or in the inverse order of alienation?

In *Bates* v. *Ruddick*, 2 Iowa, 423, decided by this Court in 1856, it was held that the estate of subsequent grantees, notwithstanding they purchased different parcels of the incumbered premises at different times, was liable to con-

tribute ratably to the payment of the prior incumbrance. In other words, the doctrine of liability in the inverse order of alienation was not adopted. That case was deliberately considered, the conflict in the authorities admitted, and the conclusion which was reached was deemed the better and sounder one. During eight years that decision has been adhered to, and we see no reason to overturn it, or again to discuss and vindicate the grounds on which it rests. It is settled. In that case the prior incumbrance was a mortgage. In the case at bar it is a judgment. But this difference is nominal merely. In substance the two cases are the same.

Whatever reasons support the doctrine of ratable contribution in *Bates* v. *Ruddick*, would support the same doctrine, as applied to the present case. Under the doctrine in this State, Wilson was under no more equitable obligation to levy upon one tract, which had been conveyed by Mobley subsequent to the judgment or mortgage, than another.

As a result of rejecting the doctrine of liability in the inverse order of alienation, the case of *Gill* v. *Lyon*, 1 Johns. Ch., 447, and kindred cases, cited by plaintiff, based upon this doctrine, have no application.

It follows that there was no error in the dissolution of the injunction in this respect.

III. There only remains one other question, and that is this: As all of the lands aliened by the debtor are liable to be charged according to their value, with the payment of the incumbrance, which rests upon all alike, was the plaintiff as the owner of one parcel, liable to contribution, entitled to restrain the sale on the execution until the amount to be paid by him and the owners of the other parcels liable to contribution, should be ascertained and settled? We think not. The defendant had a judgment. This

was a lien, and a prior and undisputed lien upon many tracts of lands.

The rights of the subsequent alienees were acquired with notice of the defendant's prior rights. The law gave defendant the right to make his lien available by an execution-sale of the property on which it rested.

He needed no aid from a court of chancery. If for any purpose he had to go to this Court for relief, it might, having acquired jurisdiction, prescribe terms to him, at least restrain him from acting inequitably.

The doctrine contended for by the plaintiff, it seems to us, would greatly and most unjustly embarrass the rights of judgment creditors. The plaintiff made no one but the sheriff and the judgment creditor parties. Neither Mobley or the other parties liable to contribute were defendants. No offer was made to pay the defendant his debt. If the Court had granted the relief asked, and enjoined the defendant, Wilson, from selling, it would have forced him to have filed a bill in chancery, making all of the numerous alienees of Mobley parties, to the end that they might ascertain and settle among themselves how much each should contribute to the payment of his prior and undisputed judgment. He is not thus to be entoiled in the meshes of a controversy between others who do not dispute the justice of his claim. This adjustment of the amount of contribution is a matter which does not concern him. He cannot be clogged and delayed in this manner. The case is very analogous in principle to a case of redemption from a prior mortgage. A mortgagee cannot be compelled to be redeemed in parcels. See on this point *Street* v. *Beall*, decided at this term. If one only is willing to redeem, he must pay the whole debt. "The mortgagee," says Wilde, J., in *Gibson* v. *Creghore*, 5 Pick., 146," is not to be entangled with any question which may arise between the owners of the equity of redemption in relation to con-

tribution." Each may redeem, but he must tender and pay the whole debt. If one alone redeems, he is considered as the assignee of the mortgagee, as to the other owners of the equity of redemption. This is his protection. So here. If the plaintiff's lands are sold, under Wilson's prior judgment, the plaintiff would be treated as standing in the place of Wilson until he shall be reimbursed what he has been compelled to pay beyond his fair proportion.

As supporting fully the view herein taken, see, in addition to authorities above cited, *James* v. *Hubbard*, 1 Paige, 228; *Farmers, &c.*, v. *Seymour*, 9 Paige, 545; *Union Co.* v. *Van Rensselaer*, 4 Paige, 85; *Miller* v. *Case*, Clarke (N. Y.), 395. As to parties in such proceedings, see *Lemmer* v. *Moses*, 21 Geo., 442; *Avery* v. *Patten*, 7 Johns. Ch., 211; *James* v. *Hubbard*, 1 Paige, 228, 235. As to contribution and substitution, where there is equality of burden; *Stephens* v. *Cooper*, 1 Johns. Ch., 425; Id., 409; 4 Id., 545; 1 Paige, 228. The decree of the District Court is

Affirmed.