NATHAN GEORGE *vs.* POLLY WOOD.

A mortgagee of land may release a portion thereof from the operation of his mortgage with-out impairing his security upon the remainder, provided he has no actual or constructive notice of the existence of a right of any other part thereof to exemption from contribu-tion; and the record of a subsequent conveyance of such other part is not constructive notice to him thereof.

In a bill in equity to redeem a mortgage, a right to contribution from a subsequent grantee of a portion of the mortgaged premises cannot be settled, unless such grantee is made a party to the bill.

BILL IN EQUITY to redeem land from a mortgage. After the former decision in this case, reported in 7 Allen, 14, the parties agreed upon the following facts:

On the 8th of August 1853, Nathaniel Chessman, being

seised of a tract of land in Milford, mortgaged it to Asa Wood, the defendant's intestate, to secure the sum of $1000, which has never been paid, unless the release hereinafter mentioned from the defendant to Chessman operated as a payment of the same. Asa Wood afterwards died, and the defendant was appointed administratrix of his estate about the 1st of January 1856. On the 12th of May 1855, Chessman mortgaged a part of the land, described as bounded on land of Daniel Finley, with full covenants of warranty, to the plaintiff, to secure the sum of $1500, which remains wholly unpaid. This mortgage was duly recorded in May 1855. On the 4th of August 1856, Chessman conveyed another portion of the land to Crawford Pierce, by deed of warranty, duly recorded on the 20th of November 1856. On the 26th of February 1857, Chessman conveyed another portion of the land to Daniel Finley, by deed of quitclaim, duly recorded on the 25th of March 1857. On the 26th of February 1857, the defendant released and discharged the lot conveyed to Pierce, describing it as running " to the southerly corner of land of Daniel Finley," from the operation of the mortgage to Asa Wood, by her deed of quitclaim to Chessman, recorded on the 16th of March 1857.

In 1855 Chessman sold to Finley the lot described in the deed to the latter, of February 26th 1857; and Finley claimed to have had a warranty deed thereof, which was lost.

There was no evidence that the defendant, at the time of executing her release to Chessman, had any actual knowledge of the conveyance to the plaintiff, or of that to Finley.

The case was reserved by *Chapman*, J. for the determination of the whole court.

*P. C. Bacon*, (*P. E. Aldrich* with him,) for the plaintiff. A mortgagee who has constructive notice of subsequent conveyances of portions of the mortgaged premises has no right to release any portion of the remainder without abating, in favor of such grantees, a proportionate part of the mortgage debt. *Gill* v. *Lyon*, 1 Johns. Ch. 447. *Cheesebrough* v. *Millard*, Ib. 409. *Clowes* v. *Dickenson.* 5 Johns. Ch. 240. *Skeel* v. *Spraker*, 8 Paige, 195. *Patty* v. *Pease*, Ib. 277. *Allen* v. *Clark*, 17 Pick.

56. *Parkman* v. *Welch*, 19 Pick. 238. *Chase* v. *Woodbury* 6 Cush. 143. *Bradley* v. *George*, 2 Allen, 393. *Brown* v. *Simons* 44 N. H. 475. *Lyman* v. *Lyman*, 32 Verm. 79. *Sheperd* v *Adams*, 32 Maine, 63. The registration of such subsequent conveyances is sufficient constructive notice of them. The mortgagee does not hold simply for himself, with a right to discharge a piece here, and another there, regardless of everybody else. He is bound to look at the records. The plaintiff is entitled to have an abatement from the mortgage debt, in proportion to the value of the Pierce lot and the Finley lot.

*T. G. Kent*, for the defendant. The record of the plaintiff's deed was not constructive notice to the defendant's intestate. *Talmadge* v. *Wilgers*, 4 Edw. Ch. 239, *n*. *Stuyvesant* v. *Hall*, 2 Barb. Ch. 151. *Stuyvesant* v. *Hone*, 1 Sandf. 419. *Taylor* v. *Maris*, 5 Rawle, 51. *McLean* v. *Lafayette Bank*, 3 McLean, 603. *Chase* v. *Woodbury*, 6 Cush. 143. *Parkman* v. *Welch*, 19 Pick. 231. 1 Washburn on Real Prop. 572. Such record is constructive notice to subsequent purchasers and incumbrancers only. *Lawrence* v. *Stratton*, 6 Cush. 167. *Dole* v. *Thurlow*, 12 Met. 163. *Houghton* v. *Bartholomew*, 10 Met. 144. *Pitcher* v. *Barrows*, 17 Pick. 361. *Bates* v. *Norcross*, 14 Pick. 231. *Shaw* v. *Poor*, 6 Pick. 87. *M'Mechan* v. *Griffing*, 3 Pick. 153. *M'Lellan* v. *Whitney*, 15 Mass. 138. 1 Story on Eq. § 397.

HOAR, J. It must be considered as settled that when the owner of an equity of redemption conveys by deed of warranty a part of the mortgaged premises, neither he, nor his heirs, nor subsequent grantees with notice of the remaining part of the mortgaged premises, are entitled in equity to contribution from the first grantee, toward payment of the mortgage debt. *Chase* v. *Woodbury*, 6 Cush. 143. *Bradley* v. *George*, 2 Allen, 392. *George* v. *Kent*, 7 Allen, 16. *Kilborn* v. *Robbins*, 8 Allen, 466. The land remaining in the mortgagor is first chargeable, and the equity of his vendee will be enforced against any subsequent purchaser from him with notice. *Allen* v. *Clark* 17 Pick. 47.

The weight of authority seems to be that this equity of a

purchaser from the mortgagor is one which the mortgagee must regard, if he has actual or constructive notice of it. *Parkman* v. *Welch*, 19 Pick. 231. *Brown* v. *Simons*, 44 N. H. 475. 1 Wash-burn on Real Prop. 572, and cases cited. 4 Kent Com. (8th ed.) 189, *n.* If the mortgagee, therefore, releases a part of the mortgaged estate to a purchaser, he must abate a proportionate part of the mortgage debt, if it be necessary to protect a prior purchaser, of whose title he had notice when he made the release. The equities between successive purchasers from the mortgagor will be in the order in which they take their conveyances, if the subsequent purchasers have notice of those which precede. *Guion* v. *Knapp*, 6 Paige, 35. *Clowes* v. *Dickenson*, 5 Johns. Ch. 235; S. C. 9 Cow. 403.

These principles must govern the rights of the parties to this suit; and the first question is, whether the defendant, when she executed the release of the lot purchased by Pierce, had notice of the prior conveyance to the plaintiff. His conveyance was on record, which he contends was constructive notice. The release was to the original mortgagor, and there is no proof of any other notice than the record of the plaintiff's deed. It has been held in New York that the recording of a second mortgage is not constructive notice to the mortgagee under a first recorded mortgage. *Wheelwright* v. *Depeyster*, 4 Edw. Ch. 232. *Talmadge* v. *Wilgers*, Ib. 239, *n.* *Cheesebrough* v. *Millard*, 1 Johns. Ch. 409. *Stuyvesant* v. *Hone*, 1 Sandf. 419. The same doctrine has prevailed in Pennsylvania. *Taylor* v. *Maris*, 5 Rawle, 51. And it was adopted by Mr. Justice McLean, of the supreme court of the United States. 3 McLean, 603.

The question is not free from difficulty, but we are not aware of any adjudged case to the contrary; nor indeed of any case in which the record of a deed has been held to be constructive notice to any persons other than subsequent purchasers, or those claiming title under the same grantor. 2 White & Tudor's Lead. Cas. in Eq. (Amer. ed.) 193. In *Parkman* v. *Welch, ubi supra*, it is to be observed that no question seems to have been suggested in the argument or decision as to the necessity of any notice to the mortgagee · and no allusion is made in the opinion

to the effect of any prior equity resulting to the prior purchaser from the mortgagor. The case apparently rests upon the idea that all parts of the mortgaged premises were equally liable to contribute in proportion to their value, in the hands of separate purchasers, without regard to priority; and that the release of one parcel by the mortgagee would be a discharge *pro tanto* of the mortgage. In these respects it is not easy to see how the case can be reconciled with *Allen* v. *Clark;* and it is certainly inconsistent with the recent decisions of this court to which reference has been made. But these points, although necessarily involved in the decision, were not brought to the attention of the court; and the case of *Allen* v. *Clark* was decided before the justice who gave the opinion in *Parkman* v. *Welch* came upon the bench, and had not then been reported.

In *Brown* v. *Worcester Bank*, 8 Met. 47, the right of a prior purchaser of a part of an equity of redemption to exemption from contribution to purchasers of the residue was not noticed by Mr. Justice Wilde, who gave the opinion in *Allen* v. *Clark*, although it apparently existed. But it is now firmly established as a rule in equity in this commonwealth.

When, however, the purchaser seeks to enforce his equity against the mortgagee, it is reasonable to require strict proof of notice. He takes his title with full knowledge that it is subject to the mortgage; and if he does not perfect it by a release, he ought not to subject the mortgagee to the constant necessity of investigating transactions between the mortgagor and third persons subsequent to the mortgage, in order to protect him; when by giving notice he can so easily protect himself. The establishing of such mere collateral equities, which do not affect the legal title, cannot be considered as within the purposes intended to be accomplished by the statutes for registration of deeds.

The only remaining point which has been argued relates to the priority of equities between the plaintiff and Finley. The plaintiff contends that Finley's title preceded the grant to Pierce· and that the release to Pierce being made with notice of Finey's title, as shown from the recital in the release that the and bounded on a corner of Finley's land, discharged Finley

from the obligation to pay the proportion of the mortgage which should have been borne by the Pierce lot; and that as Finley's title was subsequent to the plaintiff, the plaintiff is deprived of any right of subrogation against him. But the facts do not find when Finley's title was acquired, or his purchase money paid. The only deed to Finley, which it is agreed ever existed, was subsequent to both the plaintiff's and Pierce's. If the recital in the release is proof of an earlier title, the similar recital in the plaintiff's deed would prove in like manner that Finley had a priority over the plaintiff. But we think a conclusive answer is, that this question of contribution cannot be settled without making Finley a party to the suit, which the plaintiff has not done. *Avery* v. *Petten*, 7 Johns. Ch. 211.