THE CITIZENS NATIONAL BANK OF MIDDLETOWN

*vs.*

THE TRUSTEES OF MIDDLETOWN ACADEMY *et al.*

New Castle, at Chambers, Jan. 23, 1886.

*Lands subject to incumbrances; successive sales in parcels; order of liability; exoneration.*

1. Where land subject to incumbrances is sold successively in parcels, each of such parcels will be liable in the inverse order of alienation.

2. Where any number of persons have recovered several judgments against the common debtor, and he has alienated one tract of land which was bound by such judgments, retaining one or more other tracts, the tract alienated is entitled to exoneration from sale on execution to enforce the judgments until after the land not alienated shall have been first sold thereunder and failed to produce enough to satisfy the debts.

BILL FOR AN INJUNCTION TO RESTRAIN AN EXECUTION SALE OF LAND.—The bill was filed by the Citizens National Bank

of Middletown, Delaware, a corporation of the United States, against the Trustees of the Middletown Academy, a corporation of the State of Delaware, and Thomas Ford, Sheriff of New Castle County, and Lydia Smith and John Diehl, executors of George H. Smith, deceased, Samuel Lindsay, Angeline C. Johnson, formerly Angeline C. Vandegrift, and Zadoc Poole.

The facts in this case, as stated by the bill, and in respect to which there was no contention, were as follows :

Edward C. Fennimore purchased from the heirs at law of William H. Crawford, deceased, a tract of land, a part of which was the fourteen lots or parcels of land described in the bill of complaint, for the sum of $20,000.

The deed of conveyance from the heirs at law of Crawford to Fennimore bore date about the month of January, 1867.   Robert W. Mull, for the consideration sum of $5,000, purchased from said Edward C. Fennimore and wife, about the 29th day of November, 1879, part of the said real estate described in the bill of complaint as No. 1.   Susan P. Fennimore, for the sum of $5,000, purchased said real estate designated No. 1, of Robert W. Mull and his wife, and received a conveyance therefor bearing date December 9, 1879.

The Citizens National Bank of Middletown, Delaware, the complainant, purchased from the said Edward C. Fennimore and Susan P., his wife, in consideration of the sum of $5,000, the said real estate described in the bill as lot No. 1.

Five several judgments had been recovered in the Superior Court of the State of Delaware for New Castle County, which were liens upon said real estate No. 1 before it was, as aforesaid, conveyed to the said Citizens Bank of Middletown.

Upon the last or smallest of these judgments or liens, execution was issued, and, after proper proceedings for that purpose were had, the sheriff caused the said fourteen parcels of land to be advertised for public sale, designating the land so purchased by the Citizens National Bank as No. 1 ; and the bill in this cause was filed January 23, 1886, to restrain the sheriff from selling under his writ the said real estate desig-

nated as No. 1, belonging to the complainant, until the other thirteen lots of land described in the bill of complaint should be sold and applied towards the payment of said judgments.

Upon the presentation of the bill of complaint, a rule was awarded that the defendants show cause, before the chancellor at his chambers, why a preliminary injunction should not issue as prayed ; and at the hearing of such rule the following opinion was delivered.

*John Biggs* for the complainant.

*Thomas Davis* for the defendants.

THE CHANCELLOR. —When land subject to incumbrances is sold successively in parcels, each of them will be liable in the inverse order of alienation.

If a judgment or mortgage is a lien on three tracts of land belonging to the same person, who sells one of them to A, another afterwards to B, and finally the third to C, A is entitled to exoneration at the expense of B and C, while B has a similar right against C ; and if an execution is issued under such circumstances, on the judgment, the court may direct that C's land shall be first exposed to sale, next B's ; and that A's shall not be sold unless the other tracts do not produce enough to satisfy the debt.

If this rule or principle, which seems to be well established in American jurisprudence, be correct, it follows, I think, that where any number of persons — for example five or more—have recovered several judgments against the common debtor, and the said common debtor has alienated one tract of land which was bound by said judgments, retaining possession of one or more — for example five —other tracts of land not alienated by him, the tract of land alienated is entitled to exoneration in like manner and upon the same principle ; and where an execution or executions has or have been issued on any of the said judgments, the lands not alienated shall be first exposed to sale ; and that the land alienated shall not be sold unless the other tracts not alienated do not produce enough to satisfy the debts.

In *Harbert's Case*, 3 Coke, 30, it was resolved that if A be seised of three acres, and acknowledge a recognizance or statute, and enfeoff B of one acre and C of another, and the third acre descends to his heir, if execution be sued out against his heir, he shall not have contribution against the purchasers ; " for the heir sits in the seat of his ancestors."

The same principle applies, says *Chancellor* Kent, if there be several purchasers in succession at different times; the last cannot call on the previous one to contribute, for he sits in the seat of his grantor, and must take the land with all its equitable burdens.

It cannot be in the power of the debtor, by the act of assigning or selling his remaining land, to throw the burden of the judgment, or a ratable part of it, back on the first purchaser.

In the case of *Gill* v. *Lyon*, 1 Johns. Ch. 447, it was decided that a purchaser of a part of lands mortgaged from the mortgagor is not bound to contribute ratably with the purchaser of the equity of redemption under a judgment subsequently obtained, towards the discharge of the mortgage, unless the residue of the mortgaged premises prove insufficient to extinguish the debt. See *Allen* v. *Clark*, 17 Pick. 55.

In *Mevey's Appeal*, 4 Pa. 80, where it appearing that A had mortgaged twenty-seven acres of land to B, and afterwards mortgaged ten acres thereof to C, which were sold under C's mortgage and released by B, and that A then sold three acres of the remaining seventeen acres to D, with general warranty,—it was held that B's assignee could not sell the three acres under the mortgage of A to B until he had sold the fourteen acres not released, and then only for the deficiency.

Further, on this subject, see notes to the case of *Aldrich* v. *Cooper*, 2 Lead. Cas. Eq. 291.

A preliminary injunction is therefore granted against the sale by the sheriff of the house and premises purchased by the complainants, until after the sale of the other allotments advertised to be sold by the sheriff.