## MICKLEY v. TOMLINSON *et al.*

1. **Appeal**: NOTICE: DELAYING TIME FOR HEARING: PRACTICE. An appeal will not be dismissed because the notice of appeal stated that the cause would be heard at the second term of this court after service of the notice, when the first term after service began more than thirty days after such service. In such case, the appeal was for hearing by operation of law at the first term (Code, secs. 3180–3182), and the statement in the notice that it would be heard at the second term was mere surplusage. If appellant did not have his case ready at the first term, the appellee had the right to file the transcript at that term and have the judgment affirmed or the appeal dismissed, under the statute and the rules of court.

2. **Judgment on Default**: NOT WARRANTED BY PETITION: REMEDY OF DEFENDANT. Where plaintiff, upon the default of defendant, was awarded relief to which he did not show himself entitled by the averments of his petition, and which he did not demand, *held* that plaintiff had the right to have the judgment modified upon motion for that purpose, and that he had a right to appeal from an order overruling his motion.

3. **Mortgages**: SALE OF PART OF THE PROPERTY: FORECLOSURE: PRIORITIES. Where one tract of land was mortgaged to plaintiff to secure all of five notes, and a second tract was mortgaged to him to secure the first note only, and the mortgagor afterwards sold the second tract to defendant, in an action to foreclose both mortgages, *held* that the first tract should be sold first, and the proceeds applied first to satisfy the first note, and that the second tract should be sold, if at all, only to satisfy such portion of the first note as was not satisfied by the sale of the first tract;—the rule being that, when a mortgagor sells and conveys a part of the mortgaged property, and retains the ownership of a part, the part he continues to own shall be first sold, and the part conveyed by him shall, in the hands of his grantee, or those claiming under him, be subject to sale only to satisfy any balance remaining after sale of the property retained by the mortgagor. (See *Massie v. Wilson*, 16 Iowa, 390, and *Bates v. Ruddick*, 2 Iowa, 423.)

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

FILED, JANUARY 19, 1889.

PLAINTIFF sold lot 1, block 5, in the city of Le Mars, to defendant Joseph W. Hough, for the agreed price of five thousand dollars. Hough executed five promissory notes, of one thousand dollars each, for the price, and to secure the same gave a mortgage on the property; also upon lot 9, in block 33, in Le Mars. The mortgage specified that the last-named property was pledged as security only for the note first falling due. Hough subsequently sold lot 9, block 33, to defendant F. M. Tomlinson; the mortgage being of record at that time. Default having been made in the payment of the notes, plaintiff brought suit for the foreclosure of the mortgage, making both Hough and Tomlinson defendants. Neither of them answered, and judgment was entered by default against Hough for the amount of the indebtedness, and certain taxes which plaintiff had paid on the mortgaged property, and foreclosing the mortgage against both defendants; the judgment providing for the sale of all of the mortgaged property for the payment of the debt. The subsequent sale of lot 9, block 33, to Tomlinson was shown by the petition. After the rendition of the judgment he appeared, and moved the district court to modify the decree, and make it provide for the sale of lot 1, block 5, for the satisfaction of the whole indebtedness, and for the sale of the other property only in case some portion of the note first falling due should remain unsatisfied. The court overruled the motion, but on its own motion modified the judgment, making it provide for the sale of lot 9 for the satisfaction of any portion of the judgment remaining unsatisfied after the other property was exhausted. From the order overruling the motion, and the judgment as modified, defendant Tomlinson appeals.

*J. H. Struble*, for appellant.

*T. M. Zink*, for appellee.

Mickley v. Tomlinson.

REED, C. J.—I. The notice of appeal was served on the sixth day of January, 1888, and recited that the cause would be for hearing at the June term following. The statute in force at that time provided that terms of this court should be held in March, June, October and December of each year. That statute was subsequently repealed, and it was provided that the terms should be held in January, May and October. Chapter 34, Laws 22d Gen. Assem. Appellee filed a motion to dismiss the appeal on the ground that more than thirty days elapsed between the service of the notice and the next term of the court as fixed by law, while the appeal was to the term following that. The motion will be overruled. It is true appellant could not carry the case over to the June term simply by declaring in the notice of appeal that it would be for hearing at that term. When the appeal was perfected, this court acquired jurisdiction of it, and the statute fixed the time at which it could be heard. All causes which have been appealed more than thirty days before a term of this court are for hearing at that term, unless continued by consent or for cause (Code, secs. 3180–3182), and an appellant cannot change the rule in that respect by a mere declaration in his notice of appeal. The recitation in appellants' notice that the case would be for hearing at the June term did not affect either the appeal, or the time at which it could be heard, but was mere surplusage. There was nothing to prevent the appellee from filing the transcript at the next term after the service, and moving for the affirmance of the judgment, or the dismissal of the appeal, under the statute and rules of the court. That course, however, was not taken, but the record was subsequently filed by appellant, and the cause must now be disposed of on its merits.

II. On its face the judgment as modified is erroneous. By the terms of the mortgage, lot 9 was pledged as security for but one thousand dollars of the indebtedness, whereas by the judgment it is directed to be sold

*(margin note: 1. APPEAL: notice: delaying time for hearing: practice.)*

for the satisfaction of any balance which may remain after the other property has been exhausted. If the proceeds derived from the sale of the other property should satisfy but three thousand dollars of the indebtedness, and it should sell for two thousand dollars, the whole of that amount would, under the judgment, be applied upon the indebtedness. It is clear, therefore, that the judgment ought to be modified if the state of the case is such that that can be done.

It was contended, however, that, as appellant showed no excuse for his default, he could neither move for the modification of the judgment, nor have it reviewed on appeal. That position would doubtless be correct, if appellant were seeking to interpose a defense, or to secure the modification of the decree upon some ground not shown by the record. But he is not attempting to do that. The facts upon which he bases his claim for relief are all shown by plaintiff's petition. The mortgage was attached as an exhibit, and the fact that appellant was a subsequent purchaser was shown by proper averment. The error in the judgment consists in the fact that plaintiff is awarded relief to which he did not show himself entitled by the allegations of his petition and which he did not demand. Upon the allegations of the petition, he was entitled to judgment for the sale of the property purchased by the appellant, for the satisfaction of one thousand dollars of the indebtedness, provided that amount remained unsatisfied after the other property was exhausted, and, if not, for the remainder less than that, whatever it might be. Against that claim appellant had no defense, and consequently he had no occasion to make any appearance. On that state of facts it is clear, we think, that he was entitled to appear after the judgment, and move for its modification. If that were not true, it would follow that, although he had no defense against the claim, as made in the petition, he is without remedy against the judgment erroneously rendered upon it, under which his

2. JUDGMENT on default: not warranted by petition: remedy of defendant.

property may be appropriated for the satisfaction of a portion of a debt which was not a lien upon it when he purchased. That such a result would be inequitable is manifest; and it is equally clear, we think, that a party cannot be denied relief against a judgment which would lead to such results, and which is not warranted by either the averments or the prayer of the petition. The judgment will, therefore, be reversed, and a new judgment will be entered, either in this or the district court, as the parties may elect, granting the relief to which plaintiff, on the allegations of his petition, is entitled.

REVERSED.

OPINION ON REHEARING.

[FILED, FEBRUARY 6, 1890.]

BECK, J.—A rehearing upon the petition of plaintiff was allowed, and the cause has been again argued. We reach the same conclusion as upon the

**3. MORTGAGES: sale of part of the property: foreclosure: priorities.**

former consideration of the case, namely, that the judgment of the court below ought to be reversed; but we think that relief differing in some respects from that indicated in the foregoing opinion ought to be granted. The mortgage in the suit, after the usual words of conveyance, contains the description of the property mortgaged and certain conditions, in the following language: "Lot number one (1), in block number five (5), in the city of Le Mars, in said county and state; also to secure the payment of the first note hereinafter described, lot number nine (9), in block thirty-three (33), in said city of Le Mars, in said county and state, subject to the first mortgage of five hundred dollars running to John Blodget, due December 1, 1888, and assigned to T. C. Woodman. This mortgage is given to secure the balance of purchase money of lot 1, block 5, Le Mars, Iowa." The conditions of defeasance in the mortgages are expressed as follows: "Provided always, and these presents are upon the express condition that

if said Joseph W. Hough and Minerva Null Hough, their executors or administrators, shall pay, or cause to be paid, to Stephen B. Mickley, his heirs or assigns, the sum of one thousand dollars on or before the eleventh day of October, 1887; one thousand dollars on or before October 11, 1888; one thousand dollars or before October 11, 1889; one thousand dollars on or before October 11, 1890; and one thousand dollars on or before October 11, 1891,—with interest thereon at the rate of eight per cent. per annum, annually, payable at Le Mars National Bank, Le Mars, in the state of Iowa, according to the tenor and effect of five notes of even date herewith; and all sums hereafter provided to be paid, at the time or times provided or agreed upon herein; and shall well and truly keep and perform all and singular the covenants and agreements herein, and in the notes secured hereby, on our part to be kept and performed—then these presents shall be null and void; otherwise to be and to remain in full force and effect."

Lot 5, under this mortgage, is held in security for the payment of all the notes. Lot 9 is held as security for the payment of the first one. It is the case of two separate tracts of land or lots, held for the payment of a debt. We need not inquire here, in the view we take of the case, as to the manner of enforcing the lien of the mortgage upon the lots, and whether lot 5 must be first sold, and proceeds applied to the first note, and whether lot 9 can be sold only for a balance remaining unpaid after the sale of lot 5. The mortgagor sold lot 9 to Tomlinson. Now, it is a well-settled rule that when a mortgagor sells and conveys a part of the mortgaged property, and retains the ownership of a part, upon foreclosure of the mortgage, the part he continues to own shall be first sold, and the part conveyed by him shall, in the hands of his grantee, or those claiming under him, be subject to sale only to satisfy any balance remaining after the sale of the property held by the mortgagor. *Massie v. Wilson*, 16 Iowa, 390; *Bates v. Ruddick*, 2 Iowa, 423. This rule is based upon obvious equities.

Pence v. The Chicago, R. I. & P. Ry. Co.

The decree in this case, upon facts disclosed by the abstract stated herein and in the foregoing opinion, should provide for a judgment upon all the notes, and determine the sum due upon the first one, and that lot 5 be sold first. If it is not sold for enough to pay the first note, then lot 9 shall be sold, and the proceeds of the sale thereof shall be applied to the balance remaining after the application of the proceeds of the sale of lot 5 to the payment of the amount due on the first note. In case lot 5 sells for enough to pay the first note, lot 9 will not be sold, but will be discharged from the lien of the mortgage and the decree. In case of the sale of lot 9, and it realizes a sum more than sufficient to pay the balance due on the first note, after the sum realized from lot 5 is applied thereon, any balance remaining shall be paid to defendant Tomlinson. No objections are made to the first point of the foregoing opinion. The cause will be remanded to the court below for a decree in harmony with this opinion.          REVERSED.