LAFEVER v. STONE.

1. **New Trial:** PLEADING: SUFFICIENCY OF PETITION. A petition for a new trial under section 3154 of the Code on the ground of fraud practiced by the successful party need not allege the fraud in terms, but is sufficient if it sets out facts which amount in law to a fraud.

2. **Judgment:** VARIANCE FROM PRAYER OF PLEADING. A judgment held erroneous for granting relief to the plaintiff different from that asked by the petition.

*Appeal from Cass District Court..*

WEDNESDAY, DECEMBER 8.

THIS is a proceeding under Code § § 3154, 3155, to obtain a new trial in an action brought in the same court. A demurrer to the petition was overruled, and defendant refusing to answer, a judgment was entered granting relief to plaintiff. Defendant appeals.

*Temple & Phelps*, and *Chamberlin & Harvison*, for appellant.

*C. M. Failing*, and *Phelps & De Lano*, for appellee.

BECK, J.—I. It is alleged in the petition that defendant instituted an action to foreclose a mortgage executed by J. B. Lafever to secure six promissory notes; that 1. NEW TRIAL: pleading: sufficiency of petition. plaintiff intervened in the action, claiming in his petition of intervention that he is the holder of the notes which first matured, and asking that judgment be rendered in his favor therefor, which should be a prior lien upon the lands; that, for reasons which need not be here given, plaintiff's attorney was unprepared for trial and was unable to be present when the case was disposed of, but that he had written a letter to an attorney who was present to have the petition of intervention dismissed without prejudice, if the case should be called in the absence of the inter-

venor's attorney; that this letter did not reach the attorney to whom it was addressed before the case was disposed of; that judgment was entered showing that there had been a full and final hearing upon the petition of intervention; that no evidence was introduced touching the petition of intervention, and the court did not pass upon its merits, and made no adjudication thereon and did not direct the judgment to be entered in the form in which it now appears; that plaintiff's counsel was afterwards in the court and was informed of the order as made by the court, and that afterwards defendant's attorney " procured to be entered upon the records, after the same had been read and approved by the court, a further record purporting to show a final judgment upon the merits of the petition of intervention, and plaintiff's attorney had no knowledge thereof until long after the adjournment of court." Other allegations of the petition need not be here set out. The relief asked is that the judgment dismissing plaintiff's petition of intervention be set aside.

A demurrer to the petition was overruled, and thereupon, defendant refusing to further plead, judgment was entered that " the record entry in the cause be and the same is hereby corrected to show and read that the petition of intervention in the cause  *  *  *  *  *  *  is dismissed by order of the court without prejudice, for failure of intervenor to appear and prosecute the same."

Defendant insists that the demurrer was erroneously overruled, and that the court was not authorized upon plaintiff's petition to grant the relief provided for in the judgment. The consideration of these objections demands our attention.

II. Code, § 3154, provides that the court in which a judgment has been rendered shall have power after the term to vacate or modify it for fraud practiced by the successful party in obtaining it. Section 3155 provides that the application for relief under the preceding section shall be by petition, and prescribes the time within which it shall be filed. This provision was complied with in this case.

The petition, we think, sufficiently alleges and shows fraud in procuring the judgment. It charges that the attorney of defendant procured its entry in its present form after the record had been read and approved by the court. By this act the judgment, as it now appears, has a force and effect different from the real adjudication of the court. The record does not, in fact, set out the very decision of the court, and thereby the defendant gains an advantage and the plaintiff is deprived of rights which the court did not intend to cut off. The procurement of the judgment in its present form the law regards as a fraud upon plaintiff.

III. The defendant urges that the petition does not allege the attorney's act was fraudulent and charge fraud in these words. But the fraud is sufficiently charged by alleging the facts constituting it without alleging that such acts are fraudulent, or designating them as a fraud. We conclude that, as the petition alleges facts which the law regards as a fraud upon the rights of plaintiff, the demurrer was correctly overruled.

IV. The relief granted by the judgment is different from that prayed for in the petition. In this there is error. This 2. JUDGMENT: conclusion is based upon familiar rules of the law. variance from We need not inquire whether the court had prayer of authority to grant the relief provided for in the pleading. judgment, had it been prayed for in the petition. As that was not done it was improperly granted. The judgment in this case should have vacated the judgment dismissing plaintiff's petition of intervention, and should have gone no farther. For this error the judgment of the District Court is reversed and the cause remanded for judgment in harmony with this opinion.

REVERSED.