## JOHNSON v. MANTZ ET AL.

1. **Judgment:** LIMITED BY PRAYER FOR RELIEF. Relief which is not specially prayed for, or is not within the contemplation of a general prayer cannot be granted by a decree.

2. ———: AMOUNT DUE NOT DETERMINED. A judgment for the recovery of money upon the report of a referee cannot be sustained where the referee has failed to find the amount of the debt for which it is rendered.

3. ———: DEFAULT: WHAT ADMITTED BY. A default admits only the matters well pleaded, and entitles plaintiff to recover thereon only such relief as is demanded in the petition.

4. **Partnership:** SETTLEMENT IN EQUITY: JUDGMENT FOR BALANCE WHERE PROPERTY UNSOLD. In the settlement of a partnership in equity, there ought ordinarily to be a sale of the firm property, and an accounting for the proceeds, before there is a judgment for any difference due one partner from the other. But where no objection is made to a judgment without such sale, error will not be presumed on appeal, but rather an understanding that one of the parties should retain the property.

5. **Practice:** HEARING IN VACATION: CHANGE OF PLACE: WAIVER. Where the parties agreed to argue and submit a cause in vacation at M., but it was argued and submitted at F., and counsel for both sides were present at the argument without objection as to the place, *held* that the change must be presumed to have been waived.

6. ———: AGREEMENT FOR DECISION IN VACATION: PLACE OF DECISION. An agreement for a decision in vacation implies that the judge will decide at his chambers, or wherever he may be when he finally considers the case.

7. **Practice on Appeal:** PRESUMPTION IN FAVOR OF TRIAL COURT. Where the record showed that the referee made two reports, but failed to show that, after the first one, the cause had been sent back to him, but the court below acted on the two reports, and overruled objections based on the ground that the case had not been sent back to the referee, *held* that the case might have been sent back without that fact appearing of record; and this court will presume that it was, in support of the decision of the court below.

*Appeal from Lee District Court.*

WEDNESDAY, APRIL 7, 1886.

Johnson v. Mantz et al.

ACTION in chancery for the settlement of a partnership existing between plaintiff and defendant Mantz, and for an injunction restraining the Keokuk & Northwestern Railway Company from paying Mantz certain money owed by it to the firm. There was a decree in the court below for plaintiff. Defendants appeal.

*H. Scott Howell & Son*, for appellants.

*F. H. Semple* and *W. D. Patterson*, for appellee.

BECK, J.—I. The petition shows that the plaintiff and defendant Mantz are copartners in the business of quarrying stone; that the defendant the Keokuk & Northwestern Railway Company is indebted to the firm in a large sum for stone sold to it; that plaintiff, having no access to the books of the firm, has no knowledge of the amounts of money received by Mantz, who, in the business, acts fraudulently and in bad faith, and is insolvent; that the railroad company is about to pay him a large sum of money which he claims is due him individually; and that plaintiff will suffer irreparable loss and injury thereby. The petition prays for an accounting between the partners, and that plaintiff have judgment for the amount due him; that a receiver be appointed to take charge of the business and property of the firm, and that a temporary injunction be allowed against the railroad company, restraining it from paying over the money until a receiver be appointed in the case. On the day the petition was filed a temporary injunction was allowed, as prayed for in the petition. Defendant Mantz, by an answer and cross-bill, among other things, alleges cause for the dissolution of the firm, and an actual dissolution by agreement. He denies the charges of fraud and bad faith, and the allegation of the petition that he is insolvent, or that he refuses to make settlement with plaintiff of the affairs of the firm. He further denies that there is any sum due from the railroad company to the copartnership, and that whatever sum it owes is due to the

defendant individually on account of stone furnished by him from quarries in which plaintiff had no interest. The railroad company made no answer, and default was entered against it for non-appearance in the case. The cause was sent to a referee, who returned two reports; and, after the last one was filed, a decree was entered in which a judgment was rendered against both defendants, Mantz and the railroad company, for $378.88. The referee reports no findings as to the amount of the indebtedness of the railroad company, and the decree makes no provision for the disposition of the property of the firm which the findings of the referee show to be on hand. The evidence taken by the referee is not before us.

II. We are of the opinion that the abstracts of the record, upon which the case is submitted to us, exhibit two manifest errors which we will proceed to point out. The decree against the railroad company for the amount found due to plaintiff from defendant Mantz is erroneous for two reasons: (1) No such relief is sought against that defendant in the petition, nor is general relief prayed for therein. All plaintiff asks, as against it, is that it be temporarily enjoined from paying the amount of its indebtedness untill a receiver be appointed. Relief cannot be granted by a decree which is not specially prayed for, or within the contemplation of a general prayer for relief. This is a familiar rule, in the support of which we cannot be expected to cite authorities. (2) The referee reports no findings as to the amount of the indebtedness of the railroad company to the firm. Surely it cannot by claimed that, without a finding by the referee as to such indebtedness, the court could, upon the report of the referee, render a judgment against the railroad company for the sum found to be due plaintiff from Mantz. The referee should have found whether the company owed the firm or Mantz; if the firm, the amount of such indebtedness. These propositions are too plain to admit of controversy.

*1. JUDGMENT: limited by prayer for relief.*

*2. ———: amount due not determined.*

III.  Counsel for plaintiff insist that, as the railroad company was adjudged in default, and no motion was made to set aside such adjudication, it cannot now object to the decree thereon rendered against it.  This position is not correct.  The default admitted the matters well pleaded, and entitled the plaintiff to recover thereon nothing more than the relief sought in the petition.  It did not admit the amount of the indebtedness, for it was not alleged; and plaintiff was not entitled to a judgment thereon against the company, for no judgment was prayed for against it.

*3. ——: default: what admitted by.*

IV.  The referee finds that the partnership had been dissolved, and states an account growing out of the firm's business, which shows that Mantz is indebted to plaintiff in the sum of the judgment.  The findings show that certain personal property owned by the firm is on hand.  The value of the property is stated in the findings.  No provision is made in the decree for the disposition of this property. Ordinarily, in such cases, the property ought to be sold, and the proceeds entered into the final accounting between the parties.  But if justice may be done by permitting one of the parties to retain it, and no objection is made thereto, such course may be pursued.  See Lindl. Partn., 670.  Defendants did not object to the account stated by the referee, to his findings, or to the report generally, for the reason that no sale was ordered.  We conclude that the failure of the decree to contain an order for sale of the property does not affirmatively appear to be erroneous.

*4. PARTNERSHIP: settlement in equity: judgment for balance where property unsold.*

V.  Defendants complain of the accounts stated by the referee.  They do not present to us the account in full, with sufficient of the findings to enable us to determine as to its correctness.  It is therefore impossible for us to pass upon this objection to the account.

VI.  When the cause finally came up on the referee's report, it was agreed that it should be submitted and decided

Johnson v. Mantz et al.

**5. PRACTICE:** hearing in vacation: change of place: waiver. in vacation. It was further agreed that it should be argued at Mount Pleasant. It was argued and decided at Fort Madison. The decision was in vacation, pursuant to the agreement, and, as the record shows that counsel on both sides were present at the argument, without any objection to the place of hearing, we will presume that they waived objection thereto.

VII. It was insisted that, as there was no agreement as to the place of decision, the cause should have been decided

**6. ———:** agreement for decision in vacation: place of decision. at Keokuk, where the action was pending. But an agreement for a decision in vacation implies that the judge will decide it at his chambers, or wherever he may be when he finally considers the case.

VIII. The referee made two reports. Counsel for defendants insists that he had no authority to make the second, for

**7. PRACTICE** on appeal: presumption in favor of trial court. the reason that after the first report the cause was not sent back to him by the court. Upon this point the separate abstracts of the parties are in conflict; the plaintiff shows there was such an order, and the defendants that there is no record showing it. Defendants claim, upon these abstracts, that the record fails to show that the case was sent a second time to the referee. We assume defendant's abstract to be correct. The court below acted upon the two reports when they were presented, and overruled exceptions thereto, based upon the ground that the case had not been sent back to the referee. The court, in effect, held by this action that defendants' objections were not based upon facts. While the record may have been silent as to the case being sent back to the referee, it could have been sent back notwithstanding, and for some reason the record could have failed to show it. The facts being known to the court, the second report would have been properly received and acted upon as having been under sufficient authority. In support of the decision of the court below, we will presume this state of facts, nothing appearing in the record in conflict therewith.

It is unnecessary to resort to the record to determine the correctness of the several abstracts filed in the case, for the reason that we decide the case as presented by the abstract of defendants. There is no dispute as to the positions of the defendants' abstract, which relates to the first point of this opinion, which we rule against plaintiff.

The decree is reversed, so far as it contains a judgment against the railroad company. In other respects it is affirmed.