The judgment of the district court is REVERSED.

---

DISTRICT TOWNSHIP OF EUREKA, Appellee, v. FARMERS' BANK OF FONTANELLE *et al.*, Appellees; J. B. SULLIVAN *et al.*, Intervenors, Appellants.

1. **Trusts:** CONVERSION: REMEDY: ESTOPPEL. Where in an action in equity against a bank and its assignee for the benefit of creditors, it was sought by the plaintiff to have a trust declared in its favor, and the amount of its deposits in said bank established as a preferred claim against the property in the hands of the assignee, and also to recover judgment therefor against the proprietors of the bank; and a writ of attachment was issued, and a levy made upon property transferred by the bank previous to the assignment, and upon property

which the plaintiff believed had not passed by the assignment, the sheriff being instructed by the plaintiff not to levy upon any property in the hands of the assignee; held, that the plaintiff's prosecution of its claim against the bank and its owners was not inconsistent with its right to have such indebtedness established as a preferred claim against the property in the hands of the assignee.

2. ————: ————: FUND IN HANDS OF ASSIGNEE FOR BENEFIT OF CREDITORS: PREFERRED CLAIM. While, to entitle the plaintiff in such case to a preferred claim against the assigned estate, it is not necessary to trace the deposit into any specific property in the hands of the assignee, yet it must appear that the estate in his hands has been augmented by the trust fund, and the equities of the plaintiff as against property to which its money contributed nothing, directly or indirectly, are no greater than those of the general creditor.

3. Judgment: RELIEF CONFINED TO PARTIES AND TO ISSUES MADE BY PLEADINGS. The knowledge of the court from the calendar that other cases of like character to this were pending in the same court, and were undetermined, and that it was uncertain whether the assets of said estate would be sufficient to pay all of such claims in full, held, not to warrant a decree postponing the payment of the plaintiff's claim out of the fund in the hands of the assignee until the amounts and priorities of the claims in such other cases had been determined, and directing a pro rata division of such fund if the same proved insufficient to pay all, where such relief was not asked by any party to the action, and no foundation therefor was laid in the pleadings, nor justified by the evidence.

*Appeal from Adair District Court.*—Hon. J. H. Applegate, Judge.

Wednesday, May 17, 1893.

The plaintiff seeks to recover on account of money deposited in the Farmers' Bank of Fontanelle, and to have the amount of its recovery established as a preferred claim against property in the hands of the assignee of the owner of that bank. The intervenors, who are general creditors of the bank, resist the demands of the plaintiff. The district court rendered a decree in favor of the plaintiff, but provided that payment should not be made until the rights of other creditors should be adjudicated. From that portion of the decree in favor of the plaintiff the intervenors

appeal, and from so much of the decree as is adverse to it the plaintiff appeals, its appeal having been last taken.—On plaintiff's appeal, *reversed*, and on intervenor's appeal, *modified and affirmed*.

*Church & Gaines*, for appellants.

*Haddock & Culver* and *A. L. Hager*, for plaintiff, appellee.

ROBINSON, C. J.—For several years the defendants, W. Taylor and A. E. Jackson, as partners, owned and carried on a banking business under the name of the Farmers' Bank of Fontanelle. From the fifteenth day of September, 1884, until the tenth day of December, 1890, Abner Rood, as treasurer of the plaintiff, deposited in the bank money which belonged to the plaintiff. The deposits were made in his name, but the owners of the bank knew that the money so deposited belonged to the plaintiff. In November, 1890, Jackson sold his interest in the bank to Taylor. On the tenth day of the next month Taylor made an assignment for the benefit of his creditors to the defendant James H. Hulburt. The liabilities of the bank are about eighty thousand dollars, while the assets will not yield one-half of that amount. The balance due the plaintiff at the time of the assignment was two thousand, three hundred and three dollars and twenty-three cents, no part of which has been paid. Before the assignment was made, Taylor conveyed certain real estate and other property to James H. Hulburt, to H. Gross, and to others who had become sureties for him, to secure them against loss by reason of such suretyship. This action was commenced on the eighteenth day of December, 1890, after the deed of assignment had been recorded, and after the inventory of the property conveyed to the assignee had been filed.

The petition of the plaintiff stated, in substance, the facts showing the depositing of the money, that it belonged to the plaintiff, and was taken by the bank with knowledge of that fact. It also stated that the defendants had disposed of their property with intent to defraud their creditors. It asked that Hulburt, as assignee, be required to pay to the plaintiff the sum which should be found to be due it, and that such sum be adjudged a preferred claim against the property in the hands of the assignee. An attachment against the property was also asked. A writ was issued and levied upon various lots and tracts of land, and Hulburt and Gross were garnished. In an amendment to its petition, filed after the writ of attachment had been served, the plaintiff alleges that a large number of persons have commenced suit against Taylor and his assignee, and that other persons will commence suit against them for the recovery of trust funds, and that the funds in the hands of the assignee will not be sufficient to pay all claims of that character in full. The prayer of the petition is therefore renewed, and judgment against Taylor and Jackson is demanded for any balance remaining unpaid after the funds in the hands of the assignee are exhausted. An order for the sale of the attached property is asked, and general equitable relief is demanded.

I. It is contended by the appellants that the plaintiff can not seek a judgment against the bank and its owners for the amount of the deposit, and at the same time demand that it be treated as a trust fund, and established as a preferred claim against the property in the hands of the assignee; that it is estopped by the attachment proceedings to assert that the property attached is in the hands of the assignee, subject to be taken to satisfy a trust, for the reason that the attachment proceedings are inconsistent with a claim of that kind. The cases

1. TRUSTS: conversion: remedy: estoppel.

of *Citizens' Bank v. Dows*, 68 Iowa, 460, and *Crawford v. Nolan*, 70 Iowa, 98, are relied upon by the appellants as supporting their theory of the law.

The facts in the case first cited were substantially as follows: The plaintiff had possession of certain corn, by an agent, to *secure advances of money which it had made, and for which it was entitled to a lien. While holding such possession it sued out an attachment against the owners of the corn on account of the debt for which the lien was given, directed the sheriff to levy upon the corn, and received from him the money realized from the sale of a portion of it. This court held that the lien of the plaintiff in that case depended upon its possession of the corn, and that when the sheriff seized it under its direction the lien was waived by the act of the plaintiff. In *Crawford v. Nolan* the plaintiff held a chattel mortgage on a stock of merchandise. The mortgagor had previously sold and delivered the property which was mortgaged to Lederer, Strauss & Company, but after the execution of the mortgage they caused the property to be attached as the property of the mortgagor. It was held that they could not thereafter defeat the mortgage by claiming to be the owners of the property attached, for the reason that their act in attaching it was inconsistent with their claim of ownership. The decision in both cases was that a person can not claim property under two inconsistent rights at the same time. In this case the plaintiff was not in possession, and did not claim to be the owner, of any of the property in controversy. The claim that the bank and its owners were indebted to the plaintiff was not inconsistent with its right to have the indebtedness established as a preferred claim against the property in the hands of the assignee. The plaintiff did not insist upon a right to any specific portion of that property, but claimed that the deposit was a trust fund which had been wrongfully used to increase the

property of the debtor, which had passed into the possession of his assignee, and that by reason of those facts the plaintiff had an equitable claim against such property. , No attempt to take it from the assignee by the process of attachment was made. It seems to have been the theory of the plaintiff that the assignee acquired no property of Taylor by virtue of the assignment, excepting that which was set out in the inventory. When the writ of attachment was placed in the hands of the sheriff for service, he was directed not to levy it on any property which had passed into the hands of the assignee, nor upon any which was described in the inventory. He was instructed to serve garnishment process upon Hulburt, and at the same time to tell him that it was not intended to hold him for any property which he had received under the assignment. Thus it appears that the plaintiff did not attempt to seize by attachment any of the property against which he sought to have the indebtedness of Taylor established as a preferred claim. The attachment proceedings were intended to be auxiliary to the attempt to establish a trust as against the assignee, and were resorted to for the purpose of reaching property which the plaintiff believed had been conveyed to defraud the creditors of Taylor, and which he also believed the assignee did not claim. That property which passed to the assignee may have been levied upon under the circumstances stated will not defeat the right of the plaintiff to have so much of the property in the hands of the assignee as may be needed, and as is liable for the purpose, treated as held in trust for the payment of its claims. No lien was created by levying the writ, and the elements necessary to constitute an estoppel are lacking.

II. The decree of the district court provided for the payment of the amount due the plaintiff out of any

**2. ——: ——· fund in hands of assignee for benefit of creditors preferred claim.** funds which should come into the hands of the assignee. The appellants complain of that portion of the decree on the ground that a considerable amount of property was transferred to the assignee by the deed of assignment, to which the deposits of the money of the plaintiff did not in any manner contribute. In *Independent District v. King*, 80 Iowa, 498, a case in many respects like this, the identical money deposited was not shown to have been delivered to the assignee, and it was said that, if a trust for the amounts deposited were established, "it must be on the ground that the deposits must be held to have increased the estate of the insolvents, and that the balance due is represented by an increase now in the hands of the assignee." It was further held that, the money having been traced into the estate of the insolvents impressed with the character of a trust fund, the burden was upon the assignee to show that it contributed nothing to the estate which he acquired by virtue of the assignment.

In this case it is shown by the intervenors that Taylor owned property before any of the money of the plaintiff was deposited in the bank, and to which the money so deposited contributed nothing in any manner, which is described as follows: "An undivided one-half of the west one-half of the east one-third of lot one, of block twenty-seven; an undivided one-sixth of lot sixteen in block five; an undivided one-third of lot seven in block sixteen; an undivided one-half of lots seven and eight in block thirteen; an undivided half of lots three and four in block fifteen, 'excepting forty feet off of them' sold to a Mr. Ewing, all in the township of Fontanelle; also an undivided one-sixth of the southeast quarter of the southwest quarter of section fifteen; the southeast quarter of the northwest quarter, and the south half of the southwest quarter, of the northwest quarter of section twenty, all

in township seventy-five north, of range thirty-two west." It is insisted, however, that the trust fund has been traced into the estate of the insolvent which is in the hands of the assignee. We do not think it is necessary to trace the deposit into any specific property in the hands of the assignee in order to establish a trust, but it should be shown, presumptively at least, that the estate in his hands has been augmented by the trust fund. The equities of the plaintiff as against property to which its money contributed nothing, directly or indirectly, are no greater than those of the general creditor. If the money deposited had been used to purchase any of the real estate described, to improve it, to remove incumbrances therefrom, or to permit other funds to be used for such purposes, the plaintiff would have a claim against the property to the extent of the money it deposited which was so used, but nothing of that kind was done. We conclude that as to the tracts of real estate specified the rights of the plaintiff are not superior to those of the general creditors, and that the decree of the district court was erroneous, so far as it established the amount due the plaintiff as a preferred claim against such property.

III. The decree of the district court recites that, "It appearing from the calendar of this court that there **3. Judgment: relief confined to parties and to issues made by pleadings.** are now pending several other cases of like character to this one, and that neither of said cases has been determined, and that it is now uncertain as to whether the assets of said estate will be sufficient to pay in full all of said claims, if so established, as prayed for in said causes;" and provides that, before paying anything on the claim of the plaintiff, the court shall determine the amounts, if any, which shall be paid in each of the cases pending for relief like that asked in this case, for the purpose of fixing and determining the amounts and priorities of the claims. It further provides that, if the property in

the hands of the assignee shall not prove to be sufficient to pay all claims for trust funds which shall be established as of equal equities with the claim of the plaintiff, then *pro rata* payments shall be made. From that portion of the decree the plaintiff appeals.

We are of the opinion that it was erroneous. No party to this action asked relief of that kind, and the order in question would not affect the rights of persons who are not such parties. There is no foundation for it in the pleadings, and it is not justified by the evidence. The plaintiff has commenced its action and made a showing which entitles it to immediate relief. The granting of that relief should not be postponed to a determination of the rights of persons who are not parties to this action, who have been less diligent than the plaintiff, and who may not have any just claim against the property in the hands of the assignee. Reference is made in an amendment to the petition of the plaintiff to suits which have been commenced, and to others which are likely to be commenced, for the recovery of trust funds, and it is stated that the property in the hands of the assignee may not be sufficient to pay in full all claims on account of such funds; but the statements were so made for the purpose of laying the foundation for a judgment against Taylor and Jackson for any balance which might be due plaintiff after the funds in the hands of the assignee should be exhausted, and for an order for the sale of the attached property. They did not recognize the right of any one to funds in the hands of the assignee equal to that of the plaintiff. It is only necessary to say, in regard to such right, that, if it exists, that fact has not been shown in this case.

So much of the decree of the district court as is presented for review by the appeal of the plaintiff is reversed, and so much as is presented by the appeal of the intervenors is modified and AFFIRMED.