JULIA A. BROWNE, Executrix, v. WM.' F. KIEL, Treasurer,
W. S. ROBERTSON, et al., Appellants.

Res judicata: THAT HOLDER OF TAX SALE CERTIFICATE JUNIOR:
   *Does not affect subsequent tax deed.*   In an action to foreclose
   a mortgage, the holder of a tax sale certificate was joined as
1  defendant, the petition alleging that he ''has or claims some
   interest in said property, but same was acquired subsequently
   to the mortgage of plaintiff, and is subject thereto,'' and pray-
3  ing ''that the equity of redemption of all of defendants'' be
   barred and forever foreclosed.   Such defendant defaulted, and
   decree was entered as prayed, and the premises were sold ct
   the mortgage.   After the tax certificate matured, the execu-
   trix of the mortgagee sued such defendant and the county treas-
   urer to enjoin the issue of a tax deed under such certificate, on
   the ground that all interest of said detendant in the property
   was cut off by such decree.   *Held*, that the foreclosure de-
   cree only barred defendant's right to redeem, and did not
   affect his rights to a tax deed which was superior to the rights
   of the mortgagee under the mortgage.

Amendment of Decree: AFTER. TERM.   An amendment of fore-
2  closure decree made at a term subsequent to that which the
   decree was entered, and without notice to a defendant who was
   in default, is of no validity as to such defendant.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR.,
                       Judge.

                 MONDAY, MAY 26, 1902.

THIS is an action in equity seeking to enjoin the de-
fendant Kiel, who is the treasurer of Lee county, from
issuing a tax deed to his co-defendant, Robertson, on three
lots in the city of Keokuk.   From a decree in plaintiff's
favor, defendants appeal.—*Reversed.*

*J. F. Smith* for appellants.

*D. F. Miller* for appellee.

WATERMAN, J.—The controversy arises out of the fol-lowing facts: One Gibson Browne, deceased, and whose interests are represented by plaintiff, the executrix of his estate, held a mortgage on lots 2, 3, and 4 in block 195 in the city of Keokuk. This mortgage was dated February 14, 1893. At the same time, Robertson's assignor, J. F. Smith, held a tax certificate on the same property, issued upon a sale made December 1, 1890. Browne brought an action to foreclose his mortgage, making Robertson, who was then the owner of such tax certificate, with others, parties defendant. The petition in that action recited that defendants "have or claim some interest in said property above described, but same was acquired subsequently to the mortgage of plaintiff, and is subject thereto." The prayer of the petition was "that the equity of redemption of all of defendants in and to said property be barred, cut off, and forever foreclosed." The original notice, duly served upon Robertson with the other defendants, stated that, unless they appeared, "all interest each of you may have in or to said property will be barred and forever foreclosed." The action went to trial. Robertson defaulted. Plaintiff was awarded a decree which provided that "the rights of all parties hereto to redeem said property be barred, foreclosed, and forever cut off." At the next term of court, but without notice to Robertson, plaintiff procured an amendment to such decree, in which it was recited that "W. S. Robertson, who made default, has no right, title, or interest in and to said premises described in the petition." After this, Robertson served notice for a tax deed on his certificate. The present action is to enjoin the issuance of such deed.

The amendment to the decree, having been made at a subsequent term of court, and without notice to Robertson, is of no validity as to him. *Perry v. Kasper*, 113 Iowa, 268; *Elsner v. Shrigley*, 80 Iowa, 30. We have, then, to

consider only the effect of the first decree. The prayer of the petition was that Robertson's equity of redemption be cut off. Whatever the original notice said, he was bound only to defend against the rights which plaintiff asked to have established. A judgment must follow the prayer for relief, and cannot be extended beyond it. *Marder v. Wright*, 70 Iowa, 42; *Lafever v. Stone*, 55 Iowa, 49; *Byam v. Cook*, 21 Iowa, 392; *District Township of Eureka v. Farmers' Bank of Fontanelle*, 88 Iowa, 194. The decree herein did in fact follow the prayer, and simply barred Robertson's equity of redemption. That he had such a right, see section 4048, Code. It is true that in *Lysinger v. Hayer*, 87 Iowa, 335, we held this section not to confer on a senior lien holder a right of redemption, in the broad meaning of that term, but in a limited sense it does confer a right, which it terms that of redemption; and Robertson was authorized to believe it was this right, and this only, which was sought to be barred. If he had a valid certificate of tax sale, his right was superior to plaintiff's. If his certificate was not valid, he had no right of redemption, or of any other character. He was called on to defend only against the relief asked, and that was not to bar all his rights, but only his right to redeem. We cannot see how any other interest he had was affected by the judgment. It is said Robertson stood by and saw plaintiff purchase this property for a considerable price, and therefore he should now be estopped from making any claim. A sufficient answer to this, we think, is that plaintiff stood by and saw Robertson's tax certificate mature, and never offered to redeem therefrom. She took her chance under the decree, and ought not now to be heard in complaint.

In our opinion, the judgment of the trial court must be REVERSED.