R. B. MARTIN, Appellant, v. BENNETT LOAN & TRUST COMPANY et al., Appellees.

**PROCESS:** Original Notice—Requisites—Insufficient Statement of Relief Demanded. An original notice of suit which recites that plaintiff will ask the foreclosure of his mortgage and a personal judgment against the mortgagor only, confers no jurisdiction on the court to decree that a mortgage held by a defaulting defendant, even though in form an absolute deed, is junior to the mortgage held by plaintiff.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

TUESDAY, MARCH 13, 1917.

REHEARING DENIED, SATURDAY, SEPTEMBER 29, 1917.

ACTION to foreclose a mortgage. Defense, *res adjudicata.* Decree for the defendants in the district court. Plaintiff appeals.—*Reversed and remanded.*

*Alfred Pizey,* for appellant.

*C. N. Jepson* and *J. F. Stecker,* for appellees.

GAYNOR, C. J.—On February 20, 1908,
Mary A. and H. G. Chapman executed and
delivered to the plaintiff, appellant, a war-
ranty deed to the premises in controversy,
to secure an indebtedness owing by them to
appellant.  This deed was duly filed for record, and re-
corded on February 21, 1908.  Subsequent to the record-
ing of appellant's deed, and on June 19, 1908, the defend-
ant, Bennett Loan & Trust Company, obtained a mortgage
from the Chapmans covering the same premises, to secure
an indebtedness owing by the Chapmans to it.  Some time
in February, 1914, Bennett Loan & Trust Company com-
menced foreclosure proceedings against the Chapmans on
their mortgage, making the Chapmans and this plaintiff de-
fendants.  Notice was duly served on each, and each made
default.  The cause proceeded then to trial, and judgment
was entered against the Chapmans for the amount due from
them to the Bennett Loan & Trust Company, and the mort-
gage given by them to the Loan & Trust Company fore-
closed, the decree reciting that all the defendants, includ-
ing this plaintiff, had been duly and legally served with suffi-
cient original notice, as provided by law, and in time for
the term, and adjudging all the defendants to be in default.
The decree provided further that, on and after the day of
sale, the defendants, and each of them, including this plain-
tiff, and all persons claiming by, through, or under them, be
forever barred and foreclosed from all interests and equity
in and to said mortgaged premises, excepting such rights
of redemption as are specially provided by law, and that, if
said real estate be sold and not redeemed as provided by
law, a writ of possession issue to the sheriff of the county,
commanding him to put the purchaser at said sale in pos-
session.  Subsequently, the premises were sold to J. M.
White, under special execution issued upon said judgment,
and on or about the 14th day of April, 1915, a sheriff's deed

*Margin note:* PROCESS: origi-nal notice: requisites: insufficient statement of relief de-manded.

was issued to him for the said premises.

The original notice in the suit served on this plaintiff recited: That, on or before the 20th day of February, 1914, a petition would be on file asking a personal judgment against the Chapmans on certain promissory notes, and that plaintiff would ask, as against all defendants, including plaintiff in this suit, the foreclosure of defendants' real estate mortgage given to secure the payment of notes, describing them, and the property covered by the mortgage, and further reciting that no personal judgment would be asked against the defendants except the Chapmans.

The petition filed in pursuance of the notice recited the giving of the notes and mortgage by the Chapmans, and prayed for judgment against the Chapmans for the amount due on the notes and the foreclosure of the mortgage, and then recited that the defendant R. B. Martin, plaintiff in this suit, and other defendants, have or claim to have some claim or lien upon or interest in said premises; but plaintiff alleges and avers the fact to be that whatever lien or interest the said defendants have in the premises is junior and inferior to the plaintiff's mortgage, and prays that the lien of said defendants, and each of them, be held to be junior and inferior to plaintiff's mortgage, and that the equity of redemption of said defendants and each of them be forever barred and foreclosed, and that a special execution issue for the sale of the premises. As before said, a decree was entered in accordance with this prayer against plaintiff herein.

On December 23, 1914, the plaintiff commenced this suit, asking judgment against the Chapmans for the amount due him, and a foreclosure of his deed of February 20, 1908, and praying that the lien of the Bennett Loan & Trust Company, under its mortgage, and the claim of J. M. White, under the foreclosure of such mortgage, be declared and decreed junior and inferior to the lien of plaintiff's mortgage

deed.  In his petition, the plaintiff recites all the facts here-inbefore set out.  To this the defendants, Bennett Loan & Trust Company and J. M. White, demurred, for the reason that the facts therein stated as to these demurring defendants do not entitle the plaintiff to the relief demanded; that it affirmatively appears from said petition that, as to the cause of action against these demurring defendants, there has been a former adjudication, and the same is *res adjudicata*.  This demurrer was sustained.  The plaintiff having elected to stand on his petition, decree was entered in favor of these demurring defendants, and from this, plaintiff appeals.

The only question presented here is the sufficiency of the notice to give the court jurisdiction to enter the decree declaring the lien of the Bennett Loan & Trust Company mortgage prior and superior to the lien of the plaintiff's mortgage.  The facts recited in the petition and admitted by the demurrer show that the plaintiff's mortgage deed is prior to defendants' mortgage in point of time, both in its execution and delivery and in its record.  To sustain the defendants' contention, then, it must appear that the decree of the court in the foreclosure proceedings instituted by the Bennett Loan & Trust Company was within the power of the court to grant, and that the granting of the relief in that foreclosure proceeding bars the plaintiff of all right in the property under his mortgage deed, no redemption having been made by the plaintiff.

It is fundamental that no one can be deprived of life, liberty or property, or be divested of a vested right, without due process of law; that due process of law involves the idea that due and legal notice of the fact that his rights are called in question has been given.  Notice to a party that his rights are called in question, before a legally constituted tribunal, is essential to give that tribunal authority to make any adjudication affecting those rights.  It is

fundamental that the original notice required by the statute to be served upon a defendant is for the purpose of informing him that he is required to appear in court and defend against some adverse claim asserted against his right; that some claim will be made and established against his right if he fails to appear and defend it. He is bound to appear and defend only as to the rights which are asked to be established against him, and of which he has notice.

Plaintiff's mortgage was, both upon the record and in fact, prior and superior to the lien of the Bennett mortgage. No claim was made in the notice that the Trust Company would seek to impair or displace this right of Martin's to have it so remain. The notice in that suit was to the effect only that the Bennett Loan & Trust Company would foreclose their mortgage; that they would ask no personal judgment against anyone but the Chapmans. The Bennett Company had a right to judgment as to the Chapmans and to foreclose its mortgage, and no defense made by this plaintiff would have been availing against this assertion of that right. There is nothing in the notice to suggest that they would claim more. No right of Martin's was involved in that suit, so far as the notice disclosed. The notice recited, in so far as it affected Martin, "Plaintiff will also ask as against all defendants, the foreclosure of a real estate mortgage executed and delivered by the Chapmans to the plaintiff to secure the payment of certain notes," describing the mortgage and the real estate covered by it, and then said, "No personal judgment is asked against any of the defendants except the Chapmans." Having no defense to this asserted right, Martin was at liberty to go about his business without further care. The notice in fact said to him:

"We claim nothing against you or your mortgage. We simply desire to foreclose our own mortgage as against the Chapmans."

There was nothing in the notice served on this plaintiff to suggest that the priority of appellant's right would be called in question. As said in *Blain v. Dean,* 160 Iowa 717:

"It is not necessary that the notice shall be stated in specific detail such as might be required in a pleading, but it must be specific enough to permit the defendant to understand the 'cause or causes' upon which plaintiff expects to ask the judgment of the court. Above all things, it is not to be so constructed as to deceive an ordinarily cautious defendant and secure the entry to his prejudice of a judgment or order, of the purpose to ask which the notice gives him no hint or warning. It is to be what its name purports—a notice, and not a trap. He has the right to assume that the notice has been drawn and framed in good faith, and, in case the purpose stated therein be one he does not care to contest or resist, he need not appear in the proceedings, but may rest in confidence on the assumption that no adjudication will be sought or had against him other than such as is foreshadowed in such notice. The jurisdiction which the court acquires is to do the thing or hear the cause disclosed by the notice, and, if the other party takes advantage of the defendant's default to obtain other and additional adjudications beyond the fair scope of such notice, then the adjudication to that extent has been without jurisdiction, and is void. In other words, the office of the notice is not only to give jurisdiction, but also to limit it."

A junior mortgagor has a right to foreclose his mortgage and to sell the property pledged to the satisfaction of his debt, but he has no right by such foreclosure to displace prior, valid, subsisting liens held by other parties against the same property in such foreclosure proceedings. If he has a purpose in mind to do this, notice of his intention to so do must be served upon the party whose rights are to be thus displaced. His right to foreclose his mort-

gage is an absolute right, against which the prior encumbrancer cannot contend. His right to displace the prior encumbrancer is not necessarily an incident to his right to foreclose. If he seeks this relief against the prior encumbrancer, not only the law, but common fairness, requires that he inform this encumbrancer of his intended purpose. Notice that he will foreclose his mortgage is not notice that he will ask this added right. The notice gave this plaintiff no information that plaintiff would seek to displace this prior encumbrancer. The plaintiff was not, therefore, bound to appear, and, having defaulted, the court had no jurisdiction to grant relief in that proceeding against this plaintiff, beyond that which the notice called upon him to defend. As bearing upon this question, see, also, *Browne v. Kiel*, 117 Iowa 316; *Jordan v. Woodin*, 93 Iowa 453; *Blain v. Dean*, 160 Iowa 708.

It is claimed, however, that, so far as the record discloses, the plaintiff held under a warranty deed executed by the Chapmans to him, and it does not appear that the Bennett Company had any notice, at the time it foreclosed its mortgage, that plaintiff was claiming to hold the land under said deed as security for an indebtedness; that the Bennett Company, in commencing its foreclosure proceedings, had a right to believe from the record that plaintiff was holding the fee title from the Chapmans. It will be noted that the deed antedates the execution of the mortgage relied upon by the Bennett Company. The Bennett Company's mortgage came to them from the Chapmans, after the execution and recording of the deed to the plaintiff. There is no allegation in the notice, nor in the petition filed, that the plaintiff's deed was fraudulent or void, or that it did not pass title from the Chapmans to the plaintiff, whether that title be absolute or as security for a debt. In the foreclosure proceedings, the Bennett Company treated the plaintiff's deed as a mortgage. They must have

assumed this because they recognize the fact that plaintiff's title rested upon an unquestioned instrument antedating any claim held by the Bennett Company. If, as contended, defendant was justified in assuming that the Chapmans had conveyed the absolute fee to the plaintiff, and that the plaintiff was made a party simply as fee holder, how can it be assumed by the Bennett Company that they acquired any title from the Chapmans under their mortgage to land the title to which had been absolutely conveyed to the plaintiff before the execution of the mortgage? We must assume, therefore, there being no showing to the contrary, that plaintiff's deed was in fact a mortgage, and was so recognized by the Bennett Company in the foreclosure proceedings.

With this in the record, the Loan & Trust Company, without notice to Martin that it would seek to have its junior lien declared a prior lien over Martin's mortgage, procured from the court a decree making Martin's lien junior and inferior to the lien of the Loan & Trust Company, and barring and foreclosing Martin from any interest in the land under his conveyance from the Chapmans. Clearly, in granting this relief the court went beyond the jurisdiction it acquired by the notice, so far as this plaintiff was concerned. True, the court had jurisdiction of the subject matter and of the parties, but that jurisdiction extended only to the right in the court to grant, as against this plaintiff, relief to the extent of the rights involved, which the notice given him called upon him to protect. Without notice to the present plaintiff that the right of superiority in the property would be called in question in the foreclosure proceedings instituted by the Bennett Company, the court was without jurisdiction to grant the relief which it did grant as against this plaintiff.

It is fundamental that courts, in granting relief, cannot go outside of the issues tendered and grant relief not

involved in the suit or prayed for in the action, and on default it is equally true that no relief can be granted against the party served with notice, except as against those rights which the notice called upon him to defend, or which, as a reasonably prudent man, he had reasonable grounds to believe would be called in question in the proceedings instituted. As bearing upon this general proposition, see *Heins v. Wicke,* 102 Iowa 403, and the authorities therein cited.

We think the court was without jurisdiction, as against this plaintiff, to grant the relief prayed for in the Bennett foreclosure proceedings, and the court should have so held, and, so holding, should have overruled defendants' demurrer in this suit. The relief granted was outside the jurisdiction invoked, beyond the jurisdiction of the court to grant, and the decree to this extent was void, and not voidable only.

The cause is therefore reversed and remanded for proceedings in accordance with this opinion.—*Reversed and remanded.*

LADD, EVANS, and PRESTON, JJ., concur.

SALINGER, J., took no part.