GEORGE J. MANASSA et al., Appellees, v. ESTHER GARLAND et al.,
Appellees; E. W. POOR, Appellant.

**JUDGMENT: Conformity to Process and Pleading—Unallowable Judg-
ment.** A personal judgment cannot legally be entered against a
defaulting defendant (1) when no claim is made against him in
the original notice, (2) *when no cause of action is alleged against him
in the petition,* and (3) when the prayer of the petition simply asks
that defendant's alleged lien *be declared inferior* to plaintiff's lien;
and it is immaterial that defendant was present during the trial
and to some extent participated therein, and that after the trial
plaintiff, by a belated amendment, injected into the petition a
prayer for personal judgment. (See Book of Anno., Vol. 1, Sec.
11573, Anno. 12 *et seq.*)

Headnote 1:  33 C. J. p. 1147.

*Appeal from Polk District Court.*—E. G. ALBERT, Judge.

NOVEMBER 24, 1925.

ACTION in equity by the assignees of a note secured by
mortgage on real estate, to foreclose. Plaintiffs' assignor, the
mortgagee, was made a party, as a subsequent lien holder. The
mortgagors defended on the ground of fraud in the inception of
the note and mortgage, and that plaintiffs were not holders in
due course. The lower court held with the defendants on the
issue of fraud, foreclosed the mortgage for less than the amount
due according to its terms, and rendered a personal judgment
against the mortgagee for the balance. From this judgment he
appeals.—*Reversed.*

*Tomlinson & Maley* and *Claude R. Porter,* for appellant.

*Strock & Cunningham,* for plaintiffs, appellees.

*M. E. Van Laningham,* for Esther Garland and W. F. Gar-
land, appellees.

VERMILION, J.—The appellant, Poor, was at one time the

owner of the premises involved in this action, a farm of some 40 or 50 acres. He sold the land to the defendant Esther Garland, or exchanged it for other property, taking a note signed by her and her husband for $2,600 for part of the purchase price. The note was secured by a mortgage on the land. Appellant subsequently sold and transferred the note and mortgage to the plaintiffs, indorsing the note without recourse, and assigning the mortgage.

This action was brought to recover judgment on the note and foreclose the mortgage. The petition is in the usual form. The appellant, Poor, was made a party, it being alleged that he had or claimed some interest in, or lien on, the mortgaged premises, accrued since the lien of the mortgage. There was a prayer that the equity of redemption of all defendants be foreclosed, and a prayer for general equitable relief; but no judgment was asked against appellant.

The defendants the Garlands answered, alleging that appellant, at the time he sold the land, made false and fraudulent representations in respect to its quantity and character, and that plaintiffs had knowledge of this claim of the defendants' at the time they purchased the note and mortgage. The appellant filed no pleading in the case, and a default was entered against him, but whether before the final decree was signed does not certainly appear.

Upon the issues so presented, the cause proceeded to trial. Appellant was examined as a witness by both parties. He was personally present during the trial, and was represented by an attorney during part of the time. The record discloses that appellant's attorney interposed an objection to certain testimony offered by the Garlands. On being asked whether he appeared for appellant, he replied:

"To that extent,—I just merely appear for Mr. Poor to protect his interest regarding any evidence of any conversation not made in his presence, because there is no suit between the parties here."

Appellant's attorney did not cross-examine any witnesses, and appellant introduced no evidence. Section 3792, Code of 1897 (Section 11591, Code of 1924).

Upon the conclusion of the trial, the cause was taken under

advisement by the court. Some thirty days later, a finding of fact was filed by the court, to the effect that there was fraud on the part of appellant or his agent in the inception of the note and mortgage; that plaintiffs were not holders in due course of the note; that the Garlands were entitled to an abatement of the amount due under the mortgage, in the sum of $1,500; and that plaintiffs were entitled to judgment against the Garlands for the amount due under the terms of the mortgage, less $1,500, and a decree of foreclosure. Some two months or more thereafter, plaintiffs filed an amendment to the prayer of their petition, asking that the mortgaged property be sold and the proceeds applied to the payment of the costs "and the amount due on said note and mortgage and interest," and "that the defendants Mrs. Esther Garland, W. F. Garland, and E. W. Poor may be adjudged to pay any deficiency that may remain after applying all of said money so applicable thereto," and for general equitable relief. Thereafter, the court entered a decree of foreclosure in accordance with the findings of fact, and also rendered judgment in favor of plaintiffs and against appellant in the sum of $1,500, with interest from March 1, 1923, and attorneys' fees in the sum of $55.

The appellant then filed what was denominated a "motion to correct judgment," but which asked the vacation of the judgment against him. This motion was overruled.

Other objections to the judgment being passed, it is to be observed that the petition is entirely wanting in any allegation of a cause of action against appellant, save that he had or claimed to have some interest in, or lien upon, the mortgaged premises that accrued since the lien of the mortgage. At no time have the plaintiffs ever alleged a cause of action for false and fraudulent representations or any failure of consideration in the sale to them of the note and mortgage. Nor have they ever asked any relief against appellant, except the cutting off of his equity of redemption, and, in the amendment,—assuming that it was proper,—for a judgment against him for the deficiency, if the land should not sell for sufficient to satisfy the judgment against it. There was even no allegation in the petition entitling them to such a deficiency judgment, for it was alleged that appellant indorsed the note without recourse. The only allegation

of fraud on the part of appellant was in the answer of the Garlands, and this was presented in defense to plaintiffs' claim, and with no prayer for relief against appellant.

In this situation, if appellant had filed an answer pertinent, and in defense to the cause of action set up against him in the petition, the only issue so presented would have been whether he had a lien on the mortgaged premises superior to the lien of the mortgage. In such case, the only judgment that could have been rendered against him must have been "consistent with the case made by the petition and embraced within the issue." Section 3775, Code of 1897 (Section 11573, Code of 1924); *McGlaughlin v. O'Rourke,* 12 Iowa 459; *Byam v. Cook,* 21 Iowa 392; *Lafever v. Stone,* 55 Iowa 49; *Tice v. Derby,* 59 Iowa 312; *Bosch v. Kassing,* 64 Iowa 312; *Johnson v. Mantz,* 69 Iowa 710; *Mickley v. Tomlinson,* 79 Iowa 383; *Walker v. Walker,* 93 Iowa 643; *Hines v. Horner,* 86 Iowa 594; *Browne v. Kiel,* 117 Iowa 316; *Bottorff v. Lewis,* 121 Iowa 27; *Schuster Bros. v. Davis Bros.,* 185 Iowa 143.

"The rule in this state with reference to pleadings is that, under a prayer for general relief, a party is entitled in equity to any relief which is consistent with the allegations of the petition and sustained by the proof. * * * But the relief must be consistent with the facts pleaded; for the defendant is entitled to his day in court upon the issues joined." *Johnston v. Myers,* 138 Iowa 497, and cases cited.

The original notice served upon appellant notified him of no demand whatever against him, except as disclosed by the petition. It notified him that "the petition of plaintiffs in the above entitled cause will be on file * * * claiming of you, Mrs. Esther Garland, and W. F. Garland a judgment in the sum of $2,836.56," with interest, costs, and attorney's fees on account of the promissory note, and the foreclosure of the mortgage; and the petition was referred to for further particulars. The default entered against appellant on this notice did not authorize a judgment against him upon any other cause of action than that which was set up in the petition, and of which he was notified by the original notice. Section 3514, Code of 1897 (Section 11055, Code of 1924); Section 3775, supra; *Johnson v. Mantz,* supra; *Bosch v. Kassing,* supra; *Browne v. Kiel,* supra;

*Blair v. Wolf,* 72 Iowa 246; *Blain v. Dean,* 160 Iowa 708; *Martin v. Bennett L. & Tr. Co.,* 181 Iowa 100.

We said in the *Blain* case, supra, and repeated in the *Martin* case, supra:

"In other words, the office of the notice is not only to give jurisdiction, but also to limit it."

In our view of the matter, it is wholly immaterial whether appellant and his attorney were present at and participated, to whatever extent they did, in the trial; for, if appellant appeared to the fullest extent, he appeared only to the allegations of the petition, and if he was in default, as the decree found, he was in default only as to such allegations, and as he was notified thereof by the original notice.

We reach the conclusion that the motion to vacate the judgment against appellant should have been sustained. It follows that the judgment against him must be, and is,—*Reversed.*

Faville, C. J., and Evans, Stevens, and De Graff, JJ., concur.

Albert, J., takes no part.