ALICE B. LYSTER, Appellee, v. D. F. BROWN et al., Defendants; CORNELL COLLEGE, Appellant.

No. 39583.

DECEMBER 13, 1929.

REHEARING DENIED APRIL 16, 1930.

318

*Sims & Page* and *Lee & Robb,* for appellant.

*L. W. Powers,* for appellee.

STEVENS, J.—C. L. Voss and C. F. Kuehnle, at the time of the transactions involved in this case, were doing business at Denison, Iowa, as partners, under the firm name and style of Kuehnle & Voss, and also of the Bank of Denison. Voss was a trustee of Cornell College, and the Bank of Denison became the agent thereof, for the purpose of loaning certain funds belonging to it. In pursuance of the arrangement between them, the college deposited $152,000 in the bank. On February 14, 1920, Voss made a loan of $13,000 to one Patrick Hassett, who secured the payment thereof by mortgage upon the land involved in this action. This mortgage, on March 12, 1920, Voss assigned to Cornell College, which became the owner thereof and of all rights incident to such ownership. At the time of the execution and assignment of the $13,000 mortgage to Cornell College, the land described therein was subject to two prior mortgages, one of $4,000, which was executed January 27, 1916, and which is the one in suit, and another for $4,250, dated January 18, 1917, and held by J. T. Carey. As a part of the arrangement between the college and Voss at the time the aforesaid assignment was executed, it was agreed that he would pay the $4,000 mortgage. Whether he did so or not is one of the issues in this case. At the September, 1922, term of the district court of Crawford County, the Carey mortgage for $4,250 was foreclosed, and in due time special execution was issued, and the land sold at sheriff's sale to Carey. Alice B. Lyster, appellee herein, was the owner of the $4,000 mortgage, and was made a party defendant, as was also Cornell College. The petition in the Carey foreclosure action alleged that:

"The defendants Patrick Hassett, Nellie Hassett, his wife, D. F. Brown and Jennie Brown, his wife, C. L. Voss, trustee, C. L. Voss, Anna A. Bissell, Alice B. Lyster, Cornell College,

Cornell College, a corporation, U. S. Dunbar and Amanda Dunbar, his wife, have or claim to have some lien upon or interest in said premises, but the plaintiff alleges that whatever lien or interest the said defendants, or either of them, may have in the said premises, the same is junior and inferior to the lien of plaintiff's said mortgage.''

The final decree entered therein ''ordered, adjudged, and decreed that all rights, liens, or claims which the said defendants Patrick Hassett, Nellie Hassett, his wife, D. F. Brown, Jennie M. Brown, his wife, Anna A. Bissell, Alice B. Lyster, Cornell College, of Mt. Vernon, Iowa, U. S. Dunbar and Amanda Dunbar, his wife, claim to have in and to said premises are decreed to be junior and inferior to the rights of this plaintiff, John T. Carey.''

Appellee Lyster was served with notice of the Carey action by publication only. No appearance was, however, entered for her or for Cornell College. Within the time allowed by law, Voss, claiming to be the owner of the $13,000 mortgage which he had assigned to the college, redeemed from the execution sale, and obtained a sheriff's deed to the land. The present action to foreclose the $4,000 mortgage was commenced by appellee Alice B. Lyster in March, 1925. In the meantime, the Denison Bank had closed its doors, and, together with Voss and Kuehnle, had been adjudged a bankrupt. The parties above named and also the trustees in bankruptcy are parties defendant in the present action. Cornell College appeared in the district court and filed an answer to the petition, alleging the purchase and assignment of the $13,000 mortgage by Voss to it, the agreement by him to pay the mortgage in suit, the redemption from the execution sale, and many other matters material to the controversy. As a part of its answer, the college alleged that:

''During all times material hereto, the said C. L. Voss was the agent at Denison, Iowa, representing the owner of the note sued upon herein, with full authority to collect and receive payment thereof on behalf of said owner.''

This paragraph of the answer was in terms admitted by the appellee. The college also filed a cross-petition, setting up, in substance, the same matters alleged in the answer, and praying a decree adjudging that the title held by Voss was as trustee

for the college, and that appropriate conveyance be made of the legal title to it. Issue was joined by the appellee on the allegations of the cross-petition. The attorney for Carey in the action to foreclose the $4,250 mortgage testified that he made appellee herein a party defendant because Voss had repeatedly told Carey that the mortgage here in controversy was paid. Whether Voss was a witness upon the trial of that case does not appear. The reason assigned for the failure of Cornell College to appear therein was, according to the testimony of Voss, that he informed the college by telephone that he would protect their interests. The court sustained the allegations of the cross-petition, and directed the clerk of the district court, as a commissioner, to convey the legal title thereto to the college, and quieted title therein in the appellant, subject to the lien of appellee's mortgage, which was duly foreclosed.

I. Two principal contentions are urged by appellant: (a) That appellee's mortgage has in fact been paid, and (b) that the decree in the Carey foreclosure action which established the lien of appellee's mortgage as junior and inferior to that of the plaintiff therein is conclusive and binding upon appellee. These contentions are denied by appellee, who, in answer thereto, contends that Voss was guilty of such fraud as agent of appellant in the foreclosure and redemption from the Carey foreclosure sale that the title acquired by him was, in equity, in trust for the benefit of both appellee and appellant, in the order of their respective mortgages of record. We deem it unnecessary to pass upon the question of payment. The facts touching this point are, as shown by the record, that Voss, upon the assignment of the $13,000 mortgage to appellant, charged its account with that amount, and credited $4,000 to the Detroit Trust Company, which was the agent or representative of appellee in Minneapolis, where she resided, to whom remittances of interest were made. Neither the Trust Company nor appellee was ever informed by Voss of these transactions, but, on the contrary, he continued to remit interest on the mortgage according to its terms. No interest was, however, paid by the debtor. No money was, in fact, paid by appellant to Voss or the bank at the time it acquired the mortgage. The Bank of Denison at that time was a going concern, and was supposed to have sufficient of the funds of appellant on hand to complete

the transaction by paying the $4,000 mortgage. No officer of appellant at any time knew that appellee's mortgage had not, in fact, been paid. Much emphasis is placed by counsel for appellant upon the alleged admission by appellee in her reply to the answer of appellant in this case, in terms admitting that Voss was her agent to receive and accept payment of the mortgage. Counsel for appellee assert that the alleged admission was an inadvertence, and due to a misinterpretation of the allegations of the answer. In view of the conclusion we have reached upon the other proposition urged by appellant, we deem it unnecessary to pass upon this issue.

II. The allegations of the petition in the Carey foreclosure action quoted above are in the usual form employed in pleadings in such actions in this state. The allegations and the prayer are consistent, and clearly tender an issue as to the priority of the respective mortgages mentioned. The purpose of the pleader is obvious. The language was apt, and could not have been misunderstood. Had appellee had actual knowledge of the pendency of the action, it may be assumed that issues would have been properly joined and tried out.

The case differs from *Browne v. Kiel,* 117 Iowa 316, in that the prayer of the petition in that case simply asked that the equity of redemption be barred. The holding in the *Browne* case is consistent with many other decisions of this court. There is a vast difference between a prayer which merely asks that the right of redemption be cut off, and one which asks that a mortgage lien be decreed senior and superior to the claims or rights of an adversary. In our opinion, the decree in the Carey foreclosure suit, at the expiration of the time allowed appellee by statute to attack the same, became and is binding and conclusive upon her, and cannot be assailed collaterally, or the issues there determined litigated in this action. *Fitz v. Forbes,* 208 Iowa 970; *Manassa v. Garland,* 200 Iowa 1129; *Schuster Bros. v. Davis Bros.,* 185 Iowa 143; *Johnston v. Myers,* 138 Iowa 497; *Bottorff v. Lewis,* 121 Iowa 27; *Browne v. Kiel,* supra; *Walker v. Walker,* 93 Iowa 643; *Hines v. Horner,* 86 Iowa 594; *Mickley v. Tomlinson,* 79 Iowa 383; *Johnson v. Mantz,* 69 Iowa 710.

III. Unless, therefore, there was such fraud perpetrated

by Voss upon appellee as to charge him as trustee for both appellee and appellant, the decree cannot be sustained.

The whole conduct of Voss from the beginning was in fraud of appellant. He agreed to pay the mortgage in question, but did not, as already appears, remit any part thereof to appellee, although the funds were in the bank for that purpose; nor was the mortgage released of record. Notwithstanding the fact that the account of the college was charged with $13,000 and the account of the Detroit Trust Company credited with $4,000, Voss continued to remit interest to the Trust Company on the note, instead of discharging the principal, as he had agreed to do. Unless the transaction to which we have referred amounted to payment of the mortgage to Voss as agent for appellee, he misrepresented the facts to Carey when he told him that the mortgage had been paid. The attorney for Carey testified that appellee was made a party to the action because of the statements and representations of Voss that the note had been paid. Instead of redeeming from the Carey foreclosure sale in the name of appellant, Voss filed an affidavit that he was the owner of the note and mortgage, and redemption was made in his own name, and sheriff's deed executed accordingly. The representation of Voss to Carey that the mortgage of appellee was paid was voluntary, and in no sense as the agent of appellant. The conduct of Voss indicates that he intended to defraud both appellee and appellant. Sufficient funds of appellant's were in the bank, under the contract of Voss, to have paid the obligation of appellee at once. Since he failed to do so, as he had promised, it was his duty to protect appellant by redemption or in some other way. The lien of appellant's mortgage was, in fact, junior to that of the other two mortgages. It had a legal right in its own behalf, which no one could dispute, to have redeemed from the foreclosure sale. It may be assumed that, if redemption had been made by it, instead of Voss, no one would now contend that appellee's mortgage is still a lien on the mortgaged premises. Appellant acquired and holds nothing as the result of fraud practiced by Voss in its behalf. It is true that Voss was charged with knowledge of all of the facts relating to the alleged payment to him of appellee's mortgage, but this knowledge is not chargeable

to or binding upon appellant. He was not, in the transaction, acting as appellant's agent, but was obviously seeking to perpetrate a fraud upon it and obtain title for himself to the mortgaged premises. No fraud or bad faith is charged or established against appellant. No fraud was practiced by Carey in the foreclosure action commenced and prosecuted by him to final decree and execution sale. The decree obtained in that case was valid until set aside in a proceeding provided by statute. Appellee did not avail herself of this right. The court in the present action found and decreed that the redemption by Voss inured to the benefit of appellant, and that the title taken in his name to the mortgaged premises was in trust only, and for its benefit. This Voss concedes. If Voss was in fact the agent of appellee, with authority to receive payment of the mortgage, he was guilty of the grossest bad faith in his conduct toward her; but that, without more, cannot prejudice the right of appellant.

It seems to us that, in so far as the decree in this case established title to the mortgaged premises in appellant, it is equitable and right, and is, accordingly, affirmed. In so far, however, as it establishes a lien upon the land in favor of appellee, and decrees the foreclosure thereof, it is erroneous, and must be, and is, reversed.—*Reversed in part; affirmed in part.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.